**Johnnie MOTTERN, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–184A32.**

Court of Appeals of Indiana, First District.

Aug. 1, 1984.

Robert G. Andree, Jr., Applegate & Shapiro, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Johnnie Mottern appeals the denial of his petition for post-conviction relief[1] attacking the validity of his guilty plea to the offense of driving while under the influence of intoxicating liquor.[2] We reverse and remand.

## FACTS

On April 5, 1977, Mottern, unrepresented by legal counsel, pleaded guilty to driving while under the influence of intoxicating liquor. The Daviess County Court accepted the plea and sentenced him. Thereafter, on September 6, 1983, Mottern filed his petition for post-conviction relief asserting the invalidity of his guilty plea because he was not properly advised of his rights as required by statute at the time his plea was entered. The trial court heard his petition and denied it, finding that he was properly advised and that he was guilty of laches.

## ISSUES

Mottern raises four issues, but in view of our decision, we need discuss only two which we have restated as follows:

1. Did the trial court properly advise Mottern of all his rights as required by statute at the time the entry of the guilty plea?

2. Did the trial court properly find Mottern was guilty of laches thus precluding post-conviction relief?

## DISCUSSION AND DECISION

*Issue One*

At the time Mottern entered his guilty plea, Indiana Code section 9–4–7–9[3] re-

---

1. Indiana Rules of Procedure, Post-Conviction Remedy Rule No. 1.

2. Indiana Code section 9–4–1–54 (since repealed and replaced by Indiana Code section 9–11–1–5, 9–11–1–7, 9–11–2–1 to 9–11–2–5, and 9–11–3–1, to 9–11–3–4).

3. In 1981 this statute was amended to apply only to misdemeanor traffic offenses and to delete the words "parking, standing, or nonmoving," and to eliminate subsection (b). None of these amendments affect this case.

quired: "(a) Rights of defendant. Before accepting a plea of guilty to a traffic offense other than parking, standing, or non-moving, the court shall inform the defendant of his rights, which shall include, but not be limited to, the right: ... (6) to appeal...."

Driving while intoxicated clearly is a traffic offense and subject to the requirements of Ind.Code § 9–4–7–9, which is mandatory.

Our supreme court has held that the requirements of Indiana Code section 35–4.-1–1–3 (now Indiana Code section 35–35–1–2) providing that the court shall not accept a guilty plea without informing the defendant of his rights as stated therein, are mandatory, and that guilty pleas accepted where that statute was not obeyed are invalid. *Sexton v. State,* (1983) Ind., 455 N.E.2d 910; *Martin v. State,* (1983) Ind., 453 N.E.2d 199 (Pivarnik, J. and Givan, C.J., dissenting); *German v. State,* (1981) Ind., 428 N.E.2d 234 (Givan, C.J. and Pivarnik, J., dissenting). Compliance with Ind. Code § 9–4–7–9 is equally as obligatory as compliance with Ind.Code § 35–4.1–1–3 (now Ind.Code § 35–35–1–2), and the consequences of non-compliance are equally fatal to the validity of the guilty plea.

Here, it is clear from the record of the guilty plea hearing that the trial judge did not advise Mottern of his right to appeal as mandated by Ind.Code § 9–4–7–9(a)(6). Therefore, unless the court's finding that post-conviction relief was precluded by the doctrine of laches can be sustained, we must reverse.

*Issue Two*

■ In *Twyman v. State,* (1984) Ind., 459 N.E.2d 705, our supreme court overruled *Stutzman v. State,* (1981) Ind.App., 427 N.E.2d 724, *trans. denied* (1982), which had held that once the defense of laches is raised by the state, the post-conviction petitioner must explain his delay in filing. Rather, as our supreme court recognized in *Twyman,* laches is an affirmative defense which the state must plead and prove at an evidentiary hearing upon the issue. The elements of laches are (1) unreasonable delay, and (2) prejudice to the adverse party.

*Twyman.* Lapse of time alone does not constitute laches, although it is an element. *Id.*

Here, nearly six years elapsed between the guilty plea and the filing of the post-conviction remedy petition. The state offered no evidence in support of its laches defense. Its only attempt to do so was to ask Mottern on cross-examination the following questions:

"Q. Mr. Mottern, why did you wait six years in order to do something about this?

A. I became aware of my rights, I think.

Q. That's why you waited the six years?

A. No. I'm in trouble again.

Q. So, you are in trouble again?

A. Yes.

Q. And that's when you became aware of your rights?

A. Yes. I got me a lawyer.

Q. This time?

A. Yes.

Q. And that's the reason that you brought this about?

A. Yes."

Record at 83.

■ On the other hand, the state offered no evidence of prejudice such as unavailability of its witnesses, records, test results, or any other reason why it would be impossible or extremely difficult to present its case against Mottern at this time. Thus, we are left with nothing more than the lapse of time which, standing alone, is insufficient to sustain the state's burden, and will not support the court's finding of laches. Therefore, we must reverse.

Judgment reversed and cause remanded with instructions to grant the petition for post-conviction relief.

NEAL, P.J., and ROBERTSON, J., concur.