Paul  HARRINGTON,
Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 1–284A61.

Court of Appeals of Indiana,
First District.

Aug. 14, 1984.

Rehearing Denied Sept. 27, 1984.

Susan K. Carpenter, Public Defender, Kathryn Kelley, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Paul Harrington appeals from the denial of his petition for post-conviction relief under Indiana Rules of Procedure, Post-Conviction Remedy Rule No. 1. We affirm.

## FACTS

On October 24, 1975, Harrington, who was represented by counsel, pleaded guilty to exerting unauthorized control over a motor vehicle,[1] and was sentenced to the Indiana State Farm for one (1) year [2] with credit for eighty-two days served in jail. He has served the sentence.

Harrington contends the trial judge, at the guilty plea hearing, failed to advise him of the matters required by Indiana Code section 35–4.1–1–3.[3] No record of the guilty plea hearing is available because the tape recording thereof was destroyed by the trial court's order in 1978 after Harrington had served his sentence.[4]

---

1. Ind.Stat.Ann. section 10–3036(1) (Burns, 1975 Supp.). Since repealed. For present law see Indiana Code section 35–43–4–2, the statute defining the offense of theft.

2. Ind.Stat.Ann. section 10–3039(6), (Burns, 1975 Supp.), since repealed.

3. "Indiana Code section 35–4.1–1–3 Defendant to be advised by court

   Sec. 3. Defendant to be advised by court. The court shall not accept a plea of guilty from the defendant without first addressing the defendant and
   (a) determining that he understands the nature of the charge against him;
   (b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;
   (c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;
   (d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;
   (e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

4. Indiana Rules of Procedure, Criminal Rule 10, requires the trial court to make a record of guilty pleas in felony cases and provides that "[s]uch record shall be either transcribed promptly or securely preserved by the court during the maximum term of imprisonment

Harrington filed his petition for post-conviction relief on May 12, 1983, more than seven and one-half years after his guilty plea was entered. The trial court, at the hearing on his petition, indicated the petition would be granted unless the state sustained its defense of laches. The hearing, therefore, was limited to the issue of laches, and the trial court denied the petition on the basis of laches. Further facts are stated in our discussion of the issue.

## ISSUE

The sole issue presented for our determination is whether the trial court erred in denying Harrington's petition for post-conviction relief on the basis of laches.

## DISCUSSION AND DECISION

■■ In *Twyman v. State,* (1984) Ind., 459 N.E.2d 705, our supreme court overruled *Stutzman v. State,* (1981) Ind.App., 427 N.E.2d 724, *trans. denied* (1982), which had held that once the defense of laches is raised by the state, the post-conviction petitioner must explain his delay in filing his petition. Rather, as our supreme court recognized in *Twyman,* laches is an affirmative defense which the state must plead and prove at an evidentiary hearing upon the issue. Here, although the state did not plead laches as an affirmative defense,[5] the issue was tried without objection. Thus, there is no question concerning the state's failure to plead laches as an affirmative defense because the issue was tried by consent and the state's answer is deemed amended to raise the issue. Indiana Rules of Procedure, Trial Rule 15(B).

■■ Our concern is limited to whether or not the evidence is sufficient to establish the state's defense of laches. In determining this issue, like any other sufficiency question, we will not reweigh the evidence or determine credibility of witnesses, in-

stead we look only to that evidence most favorable to the judgment, together with all reasonable inferences flowing therefrom. If, from that viewpoint, there is evidence of probative value which supports the trial court's judgment, we will affirm that judgment. *Springer v. State,* (1984) Ind., 463 N.E.2d 243; *Mack v. State,* (1983) Ind., 457 N.E.2d 200; *Henson v. State,* (1979) 271 Ind. 325, 392 N.E.2d 478.

■■ "[Laches] is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done." *Twyman,* 459 N.E.2d at 712, *quoting Frazier v. State,* (1975) 263 Ind. 614, 616–17, 335 N.E.2d 623, 624. It is an implied waiver resulting from knowing acquiescence in the conditions and a neglect for an unreasonable length of time to assert a right, resulting in prejudice to the opposing party. *Twyman.* The question of laches is to be determined from a consideration of the facts and circumstances in each case. *Twyman; Frazier.* Mere lapse of time, although a factor, is not enough to constitute laches. *Id.* There must be both unreasonable delay and prejudice to the opposing party. *Twyman; Mottern v. State,* (filed August 1, 1984) Ind.App., 466 N.E.2d 488 (No. 1–184–A–32).

■■ The unreasonable delay factor clearly is established here. Harrington knew he pleaded guilty to the charge and that he was sentenced thereon in October 1975. He waited until November 1982, after he had been adjudged an habitual offender in December of 1981, to contact a lawyer about his 1975 conviction, and did not file his post-conviction petition until May 1983. The record further shows that Harrington was not without experience with the criminal justice system in that he had felony convictions in Florida in 1973, and had been convicted of escape in Putnam County in 1976. Consequently, if the state estab-

provided by the judgment so that a bill of exceptions can be prepared if required."

Since Harrington had served the maximum period of imprisonment provided by the judgment, it was no longer necessary for the trial court to keep the guilty plea recording.

5. The state did file a motion to dismiss on the ground of laches. It did not affirmatively plead laches in its answer to the petition for post-conviction relief.

lished prejudice, the trial court's finding of laches can be sustained.

■ In *Mottern*, we held that the state's failure to offer any evidence of prejudice such as unavailability of its witnesses, records, test results, or any other reason why it would be impossible or extremely difficult to present its case at that time was fatal to its laches defense. On the other hand, here the state produced evidence that Warren Durbin, the accomplice who gave a statement to the sheriff which was the state's basis for probable cause, was deceased; that the sheriff's files pertaining to this case could not be located; and that the deputy sheriff who was the chief investigating officer no longer had any independent recollection of the case. Under these circumstances, the state obviously was prejudiced by the more than seven and one-half year delay in instituting the post-conviction proceeding.

■■ It is the state's burden to prove its defense of laches by a preponderance of the evidence. *Twyman.* The trial court found the state had discharged that burden. We hold the evidence is sufficient to sustain that determination and that the trial court's decision that Harrington's post-conviction remedy was barred by laches should be affirmed.

Judgment affirmed.

ROBERTSON, J., concurs.

YOUNG, J., sitting by designation, concurs.