**Stanley DILLON, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 2–1084A320.

Court of Appeals of Indiana, Second District.

June 17, 1985.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Stanley Dillon appeals the denial of his petition for post-conviction relief which challenged the validity of his 1975 plea of guilty to theft of property less than the value of one hundred dollars.

Dillon pled guilty to the charge of theft on May 23, 1975, pursuant to a written plea bargain agreement. The trial court accepted Dillon's plea and sentenced him to 364 days incarceration. This theft conviction was subsequently used to convict Dillon as a habitual offender.

On September 1, 1983, Dillon filed his *pro se* petition for post-conviction relief alleging the trial court failed to properly advise him of certain constitutional rights prior to the entry of his guilty plea. In its answer, the State affirmatively asserted the defense of laches. After an evidentiary hearing on Dillon's petition, the trial court denied Dillon post-conviction relief on the basis that not only was he guilty of laches but he was also adequately advised of his constitutional rights.

### Laches

The petitioner in a post-conviction relief proceeding bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.Rules of Procedure, Post-Conviction Rule 1 § 5. If the State raises the affirmative defense of laches, however, it carries the burden of pleading and proving the defense. *Twyman v. State*, 459 N.E.2d 705 (Ind.1984). The *Twyman* court emphasized:

The law in Indiana is still that once the State raises the affirmative defense of laches in a post-conviction relief proceeding the petitioner is entitled to an evidentiary hearing upon the issue, before the judge may find laches applies. The burden of proving the defense rests entirely upon the State. The petitioner may prove evidence to negate the State's evidence, but this in no way shifts the onus to the petitioner to disprove laches.

*Id.* at 712. To sustain its burden, the State must demonstrate both unreasonable delay and prejudice to the State. *Twyman*, 459 N.E.2d 705; *Mottern v. State*, 466 N.E.2d 488 (Ind.App.1984).

In determining whether the evidence is sufficient to establish the defense of laches, we will not reweigh the evidence or determine credibility of witnesses. Rather, we consider only that evidence most favorable to the judgment, together with all reasonable inferences which may be drawn from that evidence. If the trial court's finding of laches is supported by evidence of probative value, we will affirm that judgment. *Harrington v. State*, 466 N.E.2d 1379 (Ind.App.1984).

### Unreasonable Delay

The record reveals an eight-year lapse between the date Dillon entered his plea of guilty and the date he filed his petition for post-conviction relief. While Dillon's failure to file his post-conviction petition for eight years permits an inference the delay was unreasonable, *see Morrison v. State*, 466 N.E.2d 783 (Ind.App. 1984) (unreasonable delay inferred from an eight-year length of time), he argues the delay was excusable in light of his evidence of his lack of knowledge of the availability of post-conviction relief and of the unavailability of legal counsel. Similar contentions were rejected in *Morrison*. There, we stated,

"where the circumstances are such as to put a person on inquiry, and the means of ascertaining the truth are readily available if inquiry is made, the neglect or failure to inquire will charge the person with laches the same as

though the facts were known. Certainly the conviction and incarceration of one who thought his rights to have been violated constitutes such circumstances as would put that one on inquiry as to means of appeal or other relief."

466 N.E.2d at 787 (citations omitted).

Dillon did not seek post-conviction relief from his 1975 conviction until after it was used as an underlying felony in a habitual offender proceeding. There is no evidence that Dillon ever sought information about post-conviction relief or legal assistance for this purpose prior to 1983. The trial court, as the fact finder, may reasonably infer Dillon's neglect in this regard signified his satisfaction with the plea's validity. The trial court did not err in finding Dillon's failure to attack his 1975 conviction until 1983 was unreasonable.

### Prejudice

In *Mottern v. State*, 466 N.E.2d 488 (Ind. App.1984) this court suggested evidence of the "unavailability of [the State's] witnesses, records, test results, or any other reason why it would be impossible or extremely difficult" to retry petitioner on the charge, might well demonstrate prejudice to the State as a result of petitioner's delay in seeking relief. *Id.* at 490.

In its attempt to demonstrate prejudice, the State, in an undisputed statement to the trial court, argued,

"the State has attempted to locate their file in this matter. And, we have no file, Judge, because this has been 10 years since this case was filed; and our files have been purged back to that date. So, we would state that we have been prejudiced in that we don't have anything to work from, if we would have to retry this ...[,]"

record at 156,

"[a]nd, State is prejudiced in that it is a little difficult to look for your witnesses when you don't have the file with the phone numbers, et cetera, to attempt to contact them."

Record at 161.

Frequently, the mere absence of the State's files will not preclude a retrial in the cause because other records, retained over the years, provide the means of ascertaining evidence relevant to the petitioner's alleged commission of the offense. Indeed, counsel for Dillon, claiming the State failed to demonstrate prejudice at the post-conviction hearing, argued,

"although the [State's] file is not available, presumably the witnesses are. There has been no attempt to—evidence the fact that those witnesses are not available.... So, I would say that although the only evidence for Laches that the State has presented is the fact that a Prosecutor's file no longer exists. However the Court file exists, and investigative tools exist; and, presumably since there is no evidence to the contrary the witnesses still exist."

Record at 159.

■ Admittedly, the State did not claim the unavailability of any of its witnesses. Nonetheless, the record, outside the claim of the destroyed file, convinces us the trial court properly concluded the State met its burden of proof on the element of prejudice. Dillon was originally charged with the offense of robbery. The information read, "Stanley Dillon ... did then and there unlawfully, feloniously, forcibly by violence and putting THOMAS R. GRATHAM in fear, take from the person and possession of the said THOMAS R. GRATHAM, certain property, ..." Record at 7. During plea negotiations, the robbery charge was reduced to a charge of theft. A factor which persuaded the State to reduce the robbery charge to theft was that "the victim appeared mentally deficient and was not capable of providing the necessary help that the police required." Record at 73. During the guilty plea hearing, the State noted, "There was an identification made at the scene although the prosecuting—or the victim at this point in time does not remember who it was that robbed him and could not make a very good identification." Record at 143. Thus, the trial court could reasonably infer that any attempt to

locate the victim (whose testimony *immediately after the incident* was equivocal) and seek his assistance ten years after the commission of the offense would prove unavailing and particularly detrimental because Dillon was not apprehended with the recently stolen property in his possession. Thus, even assuming the officers who apprehended Dillon and investigated the incident were located and able to recollect and testify as to the facts of the incident, their testimony could not establish a case against Dillon.

The record supports the State's contention that reprosecuting Dillon on the theft charge at this time would be, at best, extremely difficult. Accordingly, the State discharged its burden of proof on laches and the denial of Dillon's petition for post-conviction relief is, therefore, affirmed.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.