Stanley DILLON, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 2–1084A320.

Court of Appeals of Indiana,
Second District.

Sept. 10, 1985.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

SHIELDS, Judge.

This cause is before us upon Dillon's petition for rehearing challenging our published decision, *Dillon v. State*, 479 N.E.2d 610 (Ind.App.1985). In that decision, this court affirmed the post-conviction court's denial of Dillon's petition for post-conviction relief on the basis of laches. Although rehearing is denied, we address one of Dillon's allegations of error.

The post-conviction court determined the State met its burden of demonstrating the prejudice required in a laches claim by its evidence that Dillon's case file had been destroyed.

In his petition for rehearing, Dillon asserts this court searched the record to find evidence other than that of the destroyed file to affirm the trial court's decision. Dillon claims the search amounts to a reweighing of the evidence contrary to the appellate court's standard of review. *See Harrington v. State*, 466 N.E.2d 1379 (Ind. App.1984).

---

As a point of clarification, this court did not search the record to discover a different basis of prejudice, but rather, we examined the record to find evidence supporting the trial court's conclusory statement that the destruction of the file constituted prejudice sufficient to find laches. This search was necessitated by the trial court's failure to enter specific findings of fact supporting its conclusion that the State was prejudiced by the file's destruction as mandated by Ind.Rules of Procedure, Post Conviction Rule 1 § 6. Neither party raised error with respect to the findings' deficiencies; accordingly, we examined the entire record to ensure evidence of probative value supported the trial court's conclusion.

Rehearing denied.

BUCHANAN, C.J., and SULLIVAN, J., concur.