**Robert Lee NINE, Jr., Appellant (Plaintiff Below),**

v.

**STATE of Indiana, Appellee (Defendant Below).**

No. 4–1284A360.

Court of Appeals of Indiana, Fourth District.

Oct. 30, 1985.

Rehearing Denied Dec. 17, 1985.

Susan K. Carpenter, Public Defender of Ind., Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

## MEMORANDUM DECISION

MILLER, Justice.

Robert Lee Nine, Jr. appeals from the denial of his petition for post-conviction relief under Indiana Rules of Procedure, Post-Conviction Rule 1, alleging the trial court erred in finding the state had met its burden of proof on the defense of laches and denying Nine's petition on that ground. We affirm.

On August 24, 1979, Nine was charged by information with possession of marijuana. On October 9, of the same year he entered a plea of guilty. Nine was sentenced to two years imprisonment on November 1, 1979.

Nine filed a motion for modification of his sentence, and a hearing was held on March 10, 1980. Nine was represented by counsel and the trial court granted the motion and placed Nine on probation.

A petition for probation violation was filed on March 23, 1981 after Nine had been arrested for theft and burglary, and Nine's probation was revoked. Nine also entered a guilty plea to a charge of theft pursuant to a plea agreement in another cause.

Nine filed a *pro se* petition for post-conviction relief on March 22, 1984. The petition was dismissed. A motion to correct errors was filed by the state public defender and the motion was granted. An amended petition for post-conviction relief was filed on June 15, 1984 to which the state

filed an answer on June 27, 1984, and an affidavit of laches on July 20, 1984.

The hearing on Nine's petition was held on July 25, 1984. The state presented evidence that the arresting officer in the case, Walter Knox, no longer had good independent recollection of Nine's case, and that he thought an examination of the prosecution's file would help but only to a degree. The officer also believed there was an outstanding warrant for the arrest of one of the witnesses to the alleged marijuana buy.

Evidence was also presented that the substance in Nine's case alleged to be marijuana had been burned by the police evidence custodians.

The post-conviction hearing court held that Nine was not fully informed of all his statutory rights when he entered his guilty plea in this cause. The hearing court found, however, that Nine had unreasonably delayed in challenging his guilty plea and that the delay had prejudiced the state, thereby constituting laches and barring relief.

## DECISION

It is well settled that laches is recognized as a defense to a petition for post-conviction relief under P.C. Rule 1. *Twyman v. State* (1984) Ind., 459 N.E.2d 705. The state must allege the affirmative defense of laches then must prove the defense by a preponderance of the evidence. *Twyman, supra; Harrington v. State* (1984), Ind.App., 466 N.E.2d 1379, *trans. denied.* In *Harrington,* the court stated:

> The question of laches is to be determined from a consideration of the facts and circumstances in each case. Mere lapse of time, although a factor, is not enough to constitute laches. There must be both unreasonable delay and prejudice to the opposing party. (Citations omitted.)

*Harrington,* 466 N.E.2d at 1381.

The post-conviction court, which is the trier of fact, found that the state had carried its burden of proof in the case at bar. In reviewing the court's findings of laches, our concern is limited to whether the evidence is sufficient to establish that defense. The *Harrington* court stated:

> In determining whether the evidence is sufficient to establish the defense of laches, we will not reweigh the evidence or determine credibility of witnesses. Rather, we consider only that evidence most favorable to the judgment, together with all reasonable inferences which may be drawn from that evidence. If the trial court's finding of laches is supported by evidence of probative value, we will affirm that judgment.

*Harrington,* 466 N.E.2d at 1381.

Nine pled guilty in 1979. It was not until March, 1984, that he first challenged his guilty plea. This was a delay of nearly five years. A lengthy delay permits an inference that the delay was unreasonable. *Dillon v. State* (1985), Ind.App. 479 N.E.2d 610; *Morrison v. State* (1984), Ind.App., 466 N.E.2d 783.

Further there is evidence in the record from which unreasonableness may be inferred. Nine was represented by an attorney at his guilty plea hearing. At the subsequent hearing to modify his sentence he was again represented by counsel. Finally, counsel was present when his probation was revoked in 1981.

Nine certainly had enough contacts with the criminal justice system, and attorneys, to have been in a position to inquire as to relief proceedings long before he filed his petition herein. A defendant may be charged with knowledge of post-conviction proceedings where,

> "the circumstances are such as to put a person on inquiry, and the means of ascertaining the truth are readily available if inquiry is made, the neglect or failure to inquire will charge the person with laches the same as though the facts were known."

*Morrison, supra,* 466 N.E.2d at 787. *See also, Pinkston v. State* (1985), Ind.App., 479 N.E.2d 79. Nine had available the means to determine the truth of his guilty plea by 1981. Because he did not do so

until 1984, his delay should be considered unreasonable.

We also conclude the evidence supports the trial court's finding that the state's case is prejudiced.

The principal witness, arresting officer Knox testified that his recollection of the details of the marijuana buy from petitioner is not as good as in 1979, and that examination of the case report would possibly refresh his recollection but only to a degree. He also testified that there was an outstanding warrant on one of the witnesses to the buy.

Detective Sergeant Jerry Laurien testified that the evidence in Nine's case—the alleged marijuana—had been burned by the police. He further testified he did not know of any lab report on the substance. This evidence supports a finding of prejudice.

We conclude that the evidence viewed in the proper light of appellate review supports the trial court's finding that the state sustained its affirmative defense of laches.

Judgment affirmed.

YOUNG, P.J., and CONOVER, J., concur.