**Robert BADELLE, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 2–885 A 256[1].

Court of Appeals of Indiana, First District.

Jan. 23, 1986.

Susan K. Carpenter, Public Defender of Indiana, Richard Ranucci, Sp. Asst. to Public Defender of Indiana, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

---

1. Diverted from the Second District by direction of the Chief Judge.

ROBERTSON, Presiding Judge.

Petitioner-appellant Robert Badelle (Badelle) appeals from the denial of his petition for post-conviction relief.

We affirm.

On May 22, 1972, Badelle pleaded guilty to assault and battery with intent to kill, and he received a sentence of 360 days. Over ten years later, on November 2, 1983, Badelle filed a petition for post-conviction relief. The State raised the doctrine of laches as an affirmative defense. After an evidentiary hearing, the trial court denied Badelle's petition.

■ One issue is dispositive of this appeal: whether the State sustained its burden of pleading and proving laches. In determining whether the evidence is sufficient to establish the defense of laches, the court on appeal will not reweigh the evidence or determine the credibility of witnesses. The reviewing court will consider only the evidence most favorable to the judgment, together with all reasonable inferences which may be drawn from that evidence. If the trial court's finding of laches is supported by evidence of probative value, the judgment will be affirmed. *Dillon v. State*, (1985) Ind.App., 479 N.E.2d 610, 611, *reh'g. denied*, 482 N.E.2d 747.

■ To sustain its burden of proving laches, the State must first establish unreasonable delay in bringing the petition. *Twyman v. State*, (1984) Ind., 459 N.E.2d 705, 712. Badelle's failure to file a post-conviction petition for eleven years permitted an inference of unreasonable delay. *Morrison v. State*, (1984) Ind.App., 466 N.E.2d 783, 786 (unreasonable delay inferred from eight-year length of time). Badelle urges, however, that the delay was not unreasonable because he did not learn of a post-conviction remedy until seven or eight months prior to the hearing on his petition.

[W]here the circumstances are such as to put a person on inquiry, and the means of ascertaining the truth are readily available if inquiry is made, the neglect or failure to inquire will charge the person with laches the same as though the facts were known. Certainly the conviction and incarceration of one who thought his rights to have been violated constitutes such circumstances as would put that one on inquiry as to means of appeal or other relief.

*Id.* at 787 (citations omitted).

The trial court did not err in concluding that Badelle's failure to attack his 1972 conviction until 1983 was unreasonable.

■ To meet its burden of proof, the State must also demonstrate prejudice to its ability to re-try the defendant. *Twyman v. State, supra.* Prejudice may be demonstrated by evidence such as the unavailability of witnesses, records or test results. *See Mottern v. State*, (1984) Ind. App., 466 N.E.2d 488, 490. At Badelle's post-conviction hearing, the State indicated that the victim of the 1972 offense was unavailable. Unavailability was established through the following testimony:

I called his [the victim's] last place of employment of record, that we had, which would have been the Quality Inn at 38th and Fall Creek. Quality Inn is no longer there. It's changed management twice since then. It's now called the Fairgrounds Lodge. I talked with Mr. Davis, who is the manager there. He's been there at least five years. He does not know James Nelms [the victim]; so he's no longer working at that place. I then called the Quality Inn at the airport, and talked with Judy Clark, who is the secretary to the manager, Mr. Riley, in an effort to get a number from the Quality Inn Corporation, that I could find the employment records, in an effort to get hold of James Nelms. Mrs. Clark informed me that the Quality Inn at 38th Street had been privately owned, and that they don't know where the personnel records are for that hotel. Not having any luck, I looked in the phone book, and there is no James Nelms listed in the telephone book, or anyone with the initials that could be construed to be one that might be James Nelms. I also used

the criss-cross directory in an effort to locate him also.[2]

Badelle asserts that the unavailability of James Nelms was insufficient to prove prejudice, because the State could have built its case around the testimony of an eye-witness and Badelle's statement to a police officer. As evidence of prejudice, the State may offer any reason why it would be "impossible *or extremely difficult* to present its case." *Id.* (emphasis added). The unavailability of the victim of the 1972 offense would render presentation of the State's case extremely difficult. The State demonstrated prejudice.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.

2. Badelle contends that the State did not take adequate measures to locate James Nelms. We cannot agree that the State's efforts were either perfunctory or inadequate. *See Pinkston v. State,* (1985) Ind.App., 479 N.E.2d 79 (failure to reach identifying witness by telephone established witness's unavailability and constituted evidence of prejudice).