Melvin LACY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S02–8604–CR–343.

Supreme Court of Indiana.

April 14, 1986.

Susan K. Carpenter, Public Defender, Jo Ann Farnsworth, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

### ON CRIMINAL PETITION TO TRANSFER

DICKSON, Justice.

Post-conviction petitioner, appellant, Melvin Lacy, pled guilty to robbery, a class B felony, on May 21, 1973. On June 8, 1973, he was sentenced to an indeterminate term of imprisonment of one to ten years. On September 18, 1984, Lacy filed a *pro se* request for the transcript of proceedings in that cause and they were mailed to him on September 26, 1984. On October 10, 1984, Lacy filed his *pro se* petition for post-conviction relief, alleging that his guilty plea was defective because he was not informed of his right to confront witnesses and his right against self-incrimination.

The State concedes Lacy's guilty plea was defective and it will have to be vacated unless laches applies. He has served his sentence but the conviction constitutes an

aggravating circumstance for an enhanced sentence on a subsequent conviction the specifics of which are not discussed in the record.

The Court of Appeals found sufficient evidence to support the trial court's judgment that Lacy's post-conviction petition was barred by laches and affirmed the trial court's decision. *Lacy v. State* 484 N.E.2d 81 (1985.) Lacy contends that the State did not meet its burden of proving laches, and that the Indiana Court of Appeals contravened ruling precedent of this Court in *Twyman v. State* (1984), Ind., 459 N.E.2d 705 and *Woodford v. State* (1985), Ind., 484 N.E.2d 563.

█ The issue before us is whether the Court of Appeals erred in finding that the evidence was sufficient to meet the State's burden of proving laches. According to *Twyman,* for laches to apply the evidence must show both that the petitioner unreasonably delayed seeking post-conviction relief, and that the State has been prejudiced by the delay.

█ When determining whether evidence is sufficient to support a finding of laches in a post-conviction proceeding, we treat the issue like any other sufficiency question. We will not reweigh the evidence or judge the credibility of witnesses. Instead, we look only to the evidence most favorable to the judgment and to all reasonable inferences drawn therefrom. If there is probative evidence to support the trial court's judgment, we will affirm its decision. *Harrington v. State* (1984), Ind. App., 466 N.E.2d 1379.

█ Following his sentencing in June, 1973, Lacy later entered guilty pleas for two subsequent offenses, one a federal robbery charge in 1978, and the other a bribery charge in 1983. He was represented by counsel during these proceedings. At his post-conviction hearing, Lacy admitted that he was informed of his right against self-incrimination and his right to confront witnesses at his guilty plea hearing in 1978. Thus, he filed his post-conviction relief petition eleven (11) years after his guilty plea

and more than five (5) years after he admits learning of his rights to confront his accusers and his privilege against self-incrimination. The Court of Appeals correctly determined that Lacy's failure to take action for six (6) years after learning of the rights upon which he bases this appeal, permits a reasonable inference that the delay was unreasonable.

█ However, for the State to prevail in its defense of laches, there must also be sufficient evidence of resulting prejudice. Upon this issue, the evidence at the post-conviction relief hearing consisted primarily of testimony of the manager at the Marion County prosecutor's office. She stated that the prosecutor's case files which are more than ten (10) years old are destroyed, and that no record is kept, but that she had not investigated to determine whether the prosecutor's file for this case was still in existence. There was also testimony from the deputy prosecutor that she had obtained names of witnesses from the court's file, but was unable to find a listing for any of them in the phone directory. This is an extremely small quantum of evidence upon which to infer prejudice. It falls far short of the evidence which supported the finding of laches in *Pinkston v. State* (1985), Ind. App. 479 N.E.2d 79; *Harrington, supra;* and *Dillon v. State* (1985), Ind.App., 479 N.E.2d 610 (rehearing denied with opinion, explaining scope of appellant review 482 N.E.2d 747). The State failed to present any evidence regarding the availability or recollection of the investigating officers or the existence or content of the police investigative file. There was also no showing of reasonable diligence used in attempting to locate the witnesses shown on the back of the information. Further, there is no evidence that any attempt was made to locate the prosecutor's notes or to determine whether they had actually been destroyed in accordance with office policy of discarding files more than ten years old.

The State has thus failed to provide any evidence upon which a reasonable inference of prejudice may be drawn. Given the length of delay, we can only speculate that

significant prejudice may exist. However, because of the failure of proof, we are compelled to grant transfer, vacate the opinion of the Court of Appeals, and remand to the post-conviction trial court for it to grant Lacy's petition for post-conviction relief by setting aside the June 8, 1973 conviction of robbery, a class B felony.

GIVAN, C.J., and DeBRULER and SHEPARD, JJ., concur.

PIVARNIK, J., dissents with opinion.

PIVARNIK, Justice, dissenting.

I must respectfully dissent from the majority wherein it finds the state did not sufficiently show prejudice due to the laches of the defendant in bringing his petition for post-conviction relief.

The fact that there was laches here is not disputed by anyone. As the majority points out, Lacy admits he was informed of his right against self-incrimination and his right to confront witnesses at his guilty plea hearing in 1978. He had entered his guilty pleas more than ten years prior to the present hearing. For the State to prevail in its defense of laches in showing prejudice it certainly does not seem reasonable to require the State to completely reinvestigate the case as it did in the first instance. We know as a matter of course that in a period of ten years personnel in police departments change, new prosecutors and staffs replace outgoing ones, and witnesses drift away not only in their memories but in their persons. There would be no reason for any of these departments to keep an active file on a robbery case which had been disposed of over ten years ago and in which the time has already been served by the defendant. The State demonstrated this by showing that case files which are more then ten years old are destroyed and no record is kept. The Deputy Prosecutor further demonstrated that witnesses names from the court files were no longer listed in the phone directory. These showings gave credence to what one might logically expect in a situation such as this and that is to resurrect the evidence

necessary to come forward with the prosecution of this case was highly improbable or even impossible. This, of course, is the very reason for the laches rule. We must bear in mind that generally the burden is on the petitioner in a post-conviction relief situation. While it is true the State has the burden of showing the action is barred by laches and the State has been prejudiced by the delay, it is not realistic to require the State to conclusively prove negatives, that is, that it is now impossible to find any evidence to support the re-prosecution of the defendant. I would find here that the Court of Appeals properly determined that the trial court's judgment should be affirmed. I would deny transfer.