Kenneth GIBBENS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1–885A213.

Supreme Court of Indiana.

July 10, 1986.

Susan K. Carpenter, Public Defender, Kathryn Kelly, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

CRIMINAL TRANSFER

DeBRULER, Justice, dissenting to denial of transfer.

Petitioner Gibbens sought an appeal from the denial of his petition for post-conviction relief. The Court of Appeals, First District affirmed the judgment by memorandum decision. Gibbens now seeks transfer. The petition to transfer has been denied by an order of this Court of even date with this opinion. I am not in agreement with this order, and would grant transfer and reverse and direct entry of a judgment granting post-conviction relief.

On December 22, 1969, Petitioner entered a plea of guilty to a second degree burglary and was sentenced accordingly. He completed service of that sentence. This 1969 conviction was the basis of an underlying unrelated felony upon determining appellant's status as a habitual offender in 1981, when he was sentenced for Class A burglary and robbery. On November 21, 1984, Petitioner filed his petition for post-conviction relief seeking vacation of the 1969 conviction because the plea of guilty had not been knowingly, intelligently or voluntarily entered. At the time of the plea the federal requirements of *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, decided June 2, 1969, were applicable. The post-conviction court below expressly found that the record of plea proceeding did not disclose any advice of the privilege against compulsory self-incrimination or the right to confront accusers, and concluded that the plea was constitutionally invalid as a result. The State does not contest this conclusion.

The post-conviction court, nevertheless, went on to deny post-conviction relief because the State was successful in proving the defense of laches. Laches has two key elements, unreasonable delay by the petitioner in bringing the claim, and prejudice to the State from that delay, and the burden to prove the defense is upon the State. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. Laches encompasses more than mere delay. *Woodford v. State* (1985), Ind., 484 N.E.2d 563. Prejudice must be particularized and traceable to the petitioner's delay as its source. *Lacy v. State* (1986), Ind., 491 N.E.2d 520.

The question presented by this appeal is whether evidence by the state that it cannot now successfully retry petitioner is sufficient to show the prejudice element. The answer should be no.

The key conclusion of the trial court is as follows:

The State has been prejudiced by the delay of Defendant in filing his Petition for Post-Conviction Relief in that the State of Indiana is unable to retry the Defendant on these charges with any reasonable expectation of obtaining a guilty verdict.

It may be further concluded here that the State was not in any degree prejudiced in its ability to defend against the allegations in the post-conviction petition upon which appellant bore the burden of proof. There was a near perfect record of the plea proceeding reflecting the manner in which it was conducted.

It is at least implicit in cases from this court that evidence of prejudice to the ability of the State to retry is relevant to the laches element of prejudice. The Court of Appeals has been more explicit, when for

example in *Mottern v. State* (1984), Ind. App., 466 N.E.2d 488, the First District, finding no evidence of prejudice at all stated:

"On the other hand, the state offered no evidence of prejudice such as unavailability of its witnesses, records, test results, or any other reason why it would be impossible or extremely difficult to present its case against Mottern at this time".

However, the issue has not been so clearly presented as it has been in the case at bar. Laches has been firmly engrafted upon the post-conviction rule, as a broad equitable doctrine, however it is in an evolutionary stage in this context.

Rule 9(a) of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254 enacted by Congress in 1976 incorporates the doctrine of laches into the law governing habeas corpus cases for the federal courts. It provides:

A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on ground of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Federal law is important in our considerations in this appeal, because it should govern this State when it decides whether or not to afford redress for a federal constitutional wrong, which this constitutionally invalid plea surely involves.

Prior to 1976 long delay in bringing a post-conviction claim to a federal court merely increased the burden on a petitioner. Congress in enacting Rule 9(a) took the same step this court took in *Twyman v. State, supra,* and placed the burden on the prosecutorial authorities to prove laches. The elements of laches in both state and federal courts are essentially the same: unreasonable delay by the petitioner and prejudice from that delay. However, the position of Congress is that the component of

prejudice involves predudice to the state in its ability to meet the allegations of the post-conviction petition and not prejudice to the state in its ability to successfully retry the petitioner in the event post-conviction relief is granted. *Aiken v. Spalding* (9th Cir.1982), 684 F.2d 632, cert. denied, 460 U.S. 1093, 103 S.Ct. 1795, 76 L.Ed.2d 361 (1983). Chief Justice Burger, speaking for himself alone, has suggested in a separate statement to the denial of certiorari in the *Aiken* case that Congress amend rule 9(a) to permit prejudice to the ability of the state to retry the petitioner successfully to be made material to the question of delay prejudice. Congress has been reluctant in the past to deal with this question more harshly.

In this appeal the question is presented in a pristine form. The constitutionally infirm character of the plea and conviction is clear. That plea and conviction supports appellant's enhanced sentence which he is now serving for his more recent crime. While we have said many times that the enhancement of this newer sentence is not a new and additional punishment for the old crime; yet we know also that if this infirm plea and conviction is permitted to stand, appellant ".. in effect suffers anew from the deprivation .." of his constitutional rights. *Burgett v. Texas* (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. At this high level of judicial concern, and within this area of delayed claims, prejudice to the State's retrial capabilities should be declared insufficient.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., vote to deny transfer.

DeBRULER, J., dissents to the denial of transfer with opinion.