**Charles E. CANTER, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 67A01–8605–PC–121.

Court of Appeals of Indiana, First District.

Sept. 3, 1986.

Susan K. Carpenter, State Public Defender, and John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Petitioner-appellant Charles Canter (Canter) appeals the denial of his petition for post-conviction relief.

We reverse and remand.

Canter pleaded guilty in 1970 to the criminal offense of escape from the Indiana State Farm, a felony under IND.CODE

10–1808 (now IND.CODE 35–44–3–5). In April 1985, Canter filed his *pro se* petition for post-conviction relief seeking to vacate the 1970 guilty plea, to which the State raised the affirmative defense of laches. After a hearing, the trial court stated in its findings that Canter was not advised at the 1970 plea hearing of his right to confront and cross-examine witnesses as was required then by *Boykin v. Alabama,* (1969) 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, now required under IND. CODE 35–35–1–2(a)(2)(B). However, the trial court denied the petition, finding the State had proven its defense of laches. Canter appeals from the denial of his petition, stating the sole issue as:

> [w]hether the court erred in denying his petition for post-conviction relief by finding that the State had sustained its burden of proving laches by a preponderance of the evidence.

It is well settled in Indiana that the affirmative defense of laches, to be granted, must be pleaded in response to the petition for post-conviction relief and that the State must prove by a preponderance of the evidence that (1) there was unreasonable delay by the petitioner in seeking relief, and (2) that there would be prejudice to the State in reprosecuting the petitioner should his guilty plea be vacated. *Twyman v. State,* (1984) Ind., 459 N.E.2d 705.

When addressing these two elements, we will not reweigh the evidence or judge the credibility of witnesses but will look only to the evidence most favorable to the judgment and affirm the trial court when there is probative evidence to support its decision. *Harrington v. State,* (1984) Ind. App., 466 N.E.2d 1379, 1381.

Due to our disposition of this case, it is only necessary to address the prejudice element of laches.

The relevant facts show that in attempting to meet its burden of proof the State called as its only witness Judith Pitman, the current records custodian of the Indiana Reformatory. Pitman testified that her records relating to the 1970 conviction had been destroyed pursuant to an order from the Department of Corrections; that she had attempted to locate Canter's records but had only found his name card; that no records were found concerning the witnesses to the escape offense and that she could not reconstruct the evidence for the State.

Our supreme court in *Lacy v. State,* (1986) Ind., 491 N.E.2d 520, recently addressed a situation where the State in attempting to support its laches defense offered testimony that the prosecutor's case files had been routinely destroyed but that no one had investigated whether the relevant file was in fact in existence, and that the witnesses listed in the court's file could not be located by looking in the telephone directory. In concluding that this was insufficient evidence to sustain the State's burden of proof, the supreme court went on to hold that the State failed to present any evidence regarding the availability or recollection of the investigating officers, or of the existence or content of a police investigative file or prosecutor's case notes. The State in *Lacy* also failed to use reasonable diligence in locating witnesses shown on the charging information.

We are presented in our case with only one State witness's testimony which does not inform us of what the Indiana Reformatory's case file on Canter contained before its destruction or whether the prosecutor, police officers, or court might have retained a file. We find the prosecutor here presented even less evidence than was offered by the State in *Lacy, supra,* especially since we have before us affidavits to the charged offense and arrest warrant, each signed by a witness who was not contacted by the State, shown by the State to be unavailable, or proven to have forgotten the circumstances of Canter's escape.

In examining these facts in light of *Lacy, supra,* we must conclude that the State has failed to meet its burden of proof on its laches defense. We therefore remand to the post-conviction trial court with instructions to grant Canter's petition.

Judgment reversed and remanded.

RATLIFF and NEAL, JJ., concur.