**Roger PARRISH, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 60A01–8604–PC–99.

Court of Appeals of Indiana,
First District.

Oct. 7, 1986.

Susan K. Carpenter, Public Defender, Kathryn L. Kelley, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Petitioner-appellant Roger Parrish (Parrish) appeals from the denial of his petition for post-conviction relief.

We affirm.

Parrish entered a plea of guilty to a charge of larceny of more than one hundred dollars, a lesser included offense of forgery, on May 6, 1972. Sentenced to the Indiana Department of Correction for an indefinite term of one to ten years, Parrish actually served a sentence of ten months and was released. The State subsequently used the larceny conviction to prove Parrish to be a habitual offender.

The post-conviction petition which is the subject of this action was filed by Parrish on November 30, 1984, approximately twelve years later. The State of Indiana concedes that Parrish's guilty plea was obtained without the benefit of proper advisements by the trial court. It argues, however that the petition is barred by laches. The trial court concurred with the State, denying relief after an evidentiary hearing on Parrish's petition.

Parrish attacks the trial court's finding of laches in essentially two respects. First, apparently challenging the post-conviction court's finding that the delay in bringing the petition was unreasonable, Parrish asserts that the evidence presented at the hearing on his petition supports only one conclusion, i.e. that he acted promptly once he became aware of the potential defect in his conviction and the availability of a post-conviction remedy in July or August of 1983. He specifically attacks the trial court's factual finding of common knowledge among prison populations, that post-conviction rights, remedies, and legal assistance, are readily available. Second, Parrish alleges by this appeal that the barring of his petition for post-conviction relief denies him due process of law by foreclosing any opportunity to challenge his unconstitutional conviction.

The post-conviction relief court is the trier of fact and the sole judge of the weight of the evidence and the credibility of the witnesses. *Lacy v. State*, (1986) Ind., 491 N.E.2d 520. On appeal, we will not reweigh but will look only to the evidence most favorable to the judgment and to all reasonable inferences drawn therefrom. *Id.* If there is probative evidence to support the trial court's determination that the State met its burden of proof, we will not overturn the decision. *Id.*

To successfully assert the equitable bar of laches, the State must prove by a preponderance of the evidence that Parrish knew of existing conditions and acquiesced in them, causing prejudice to the State. Lapse of time alone is insufficient to establish laches, although a prolonged failure to petition may support an inference of unreasonable delay. *Badelle v. State*, (1986) Ind.App., 487 N.E.2d 844. Parrish seeks to rebut this inference by presenting evidence of his actual knowledge at a much later date. He argues that the State cannot rest a laches defense on constructive knowledge but must show a conscious indifference or procrastination.

This argument overlooks several recent decisions of this court and our supreme court in which we have recognized that a change of circumstances, such as incarceration, provides a petitioner with adequate opportunity and incentive to inquire about his rights and remedies. *See Morrison v. State*, (1984) Ind.App., 466 N.E.2d 783. *Gregory v. State*, (1986) Ind., 487 N.E.2d 156; *Cheney v. State*, (1986) Ind. App., 488 N.E.2d 739; *See also Perry v. State*, (1986) Ind.App., 492 N.E.2d 57. (Conviction of driving offense resulting in loss of

license sufficient change in circumstances.) At the hearing on his petition for post-conviction relief, Parrish testified that he had spent approximately eight of the thirteen years which followed his theft conviction in 1972 in the penitentiary, with all but ten months at the Pendleton Reformatory. He recounted three guilty pleas and a full trial during that time, the second plea arrangement occurring only a year after the conviction at issue in this case. Parrish also indicated that he had heard other prisoners talk about "post-conviction" but paid no attention. He testified that he had no reason to contact an attorney because he was satisfied with his sentence. Given Parrish's admitted insouciance and the numerous occasions presented him over the twelve-year period preceding this action to discover the defects in his conviction and the appropriate means of remedying them, Parrish's assertion that he acted with diligence is simply not convincing. The trial court therefore did not err in concluding that Parrish's failure to attack his conviction until 1984 was unreasonable.

▮ Parrish also challenges the manner by which the trial judge concluded that he had delayed for an unreasonable period of time. He claims the trial judge violated his due process rights by neglecting to announce, at the post-conviction hearing, that the court would take judicial notice of the fact that penal inmates commonly are aware of post-conviction remedies and the availability of legal assistance. Parrish maintains that he was denied the opportunity to present evidence in opposition, yet the very issue before the fact-finder was his knowing acquiescence. While it is true that ordinarily a trial judge is required to disclose that he or she will take judicial notice of some fact, a judge need not disclose that judicial notice is in fact being taken if such disclosure would be superfluous. *Weinstock v. Ott.*, (1983) Ind.App., 444 N.E.2d 1227. Parrish introduced evidence at the hearing to rebut the reasonable inferences of inexcusable delay relied upon by the State. We cannot find fault with the trial court's evaluation of this evidence, particularly in light of the support in the record for the court's conclusion.

▮ It is equally clear that the State has met its burden of proof on the question of prejudice. Prejudice may be demonstrated by evidence such as the unavailability of witnesses, records, test results, or any other reason which would make it impossible or extremely difficult for the State to present its case against the petitioner at this time. *Mottern v. State*, (1984) Ind. App., 466 N.E.2d 488. No evidence was presented at the post-conviction hearing as to the existence of the original document alleged to have been forged and uttered, though the record does reveal that files from 1972 retained by the investigating agency, including the file involved in this case were completely destroyed by flooding. The victim of the crime has since died. None of the bank tellers who had personal knowledge of the presentation of the forged check can independently recall the event or the perpetrator. Taking into account the nature of the original charge, the inability of either party to produce the draft and the normal lapse of memory experienced by the witnesses to the crime, it is evident that the State's efforts toward reprosecution would be greatly hampered. The evidence supports the trial court's conclusion that the State has sustained its burden of proof on the affirmative defense of laches.

Parrish's constitutional argument is also of no assistance to him. This court reached the due process issue raised by Parrish earlier this year in *Cheney v. State*, (1986) Ind.App., 488 N.E.2d 739.

[We find no authority] that would support defendant's contention that due process requires that a petition for post-conviction relief must be granted even when the petitioner has knowledge of the infirmity and has acquiesced over time in the deprivation of his constitutional rights, and the State is prejudiced thereby. (citations omitted). Indeed, due process requires that all parties act promptly and

diligently in bringing matters before the court. . . .

488 N.E.2d at 740.

The denial of Parrish's petition for post-conviction relief is therefore affirmed.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.