Robert GOLDEN, Petitioner-Appellant,

v.

STATE of Indiana,
Respondent-Appellee.

No. 26A01–8610–PC–270.

Court of Appeals of Indiana,
First District.

April 6, 1987.
Rehearing Denied June 9, 1987.

Susan K. Carpenter, Public Defender,
Margaret S. Hills, Deputy Public Defender,
Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Cheryl L.
Greiner, Deputy Atty. Gen., Indianapolis,
for respondent-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Petitioner-appellant, Robert Golden
(Golden), appeals the Gibson Circuit Court's
denial of his petition for post-conviction
relief under Ind. Rules of Procedure for
Post-Conviction Remedies, Rule PC 1.

We affirm.

### STATEMENT OF THE FACTS

Golden was charged with second degree
burglary in March 1976, under IND.CODE
35–13–4–4, for breaking and entering into
the office of Dr. Harold N. Ropp with the
intent to commit the felony of theft of
drugs. The penalty for second degree bur-
glary under the statute was an indeter-
minate sentence of two to five years. On
June 7, 1977, a Count II to the Information
was added under which Golden was
charged with the offense of entering Dr.
Ropp's office with the intent to commit the
felony theft of drugs. The penalty under
that statute was one to ten of years, but
because entering to commit a felony was a
lesser included offense of second degree
burglary, case law had decreed that the
penalty was one to five years.

On July 15, 1977, a guilty plea hearing
was conducted in which Golden entered a
plea of guilty to Count II and received a
sentence of one to five years, and Count I
was dismissed. At that hearing, where
Golden was represented by counsel, thor-
ough and lengthy advisements of his rights
were given by the trial court which encom-
passed the statutes in force at that time.
IND.CODE 35–4.1–1–3 and –4. Golden, in
his amended post-conviction petition, upon
which the matter was determined, alleged
that the advisements were insufficient be-
cause the trial court failed to advise him of
the possibilities of consecutive sentences
and an increased sentence because of prior
convictions. At trial, Golden relied solely
upon the failure to advise him of the possi-
bility of an increased sentence due to prior

convictions. His evidence consisted only of the transcript.

The State relied solely upon laches. It produced evidence that Golden had been apprehended inside Ropp's office in early 1976, and several thousand pills were taken by him and were in a pillowcase in his possession. After the plea of guilty, the physical evidence had been burned, though an unsigned paper which contained an inventory of the drugs remained. No other records or files remained. The State made no effort to find arresting officer Spicer, or Dr. Ropp. They were located by the public defender's office, were still in the area, and were available to testify.

The trial court, in special findings of fact, denied the petition upon the sole basis of laches because eight years had elapsed, the evidence had been destroyed, and the State had been prejudiced.

### ISSUE

The sole question presented by the parties on appeal is whether the trial court erred in denying the post-conviction petition on the basis of laches.

### DISCUSSION AND DECISION

We are aware that under the holding of *Lacy v. State* (1986), Ind., 491 N.E.2d 520, the supreme court, on facts not dissimilar to those in this case, held that laches had not been shown. Here, the charges were burglary and entering to commit a felony. The State was in possession of present, recallable evidence that Golden had been apprehended inside Dr. Ropp's office with the stolen drugs in his possession. Such evidence would have presented a strong, if not irrefutable, case. However, we affirm on other grounds, which we raise sua sponte. The question is a matter of law and is presented on the face of the record.

 This offense occurred in early 1976, prior to both the enactment and the effective date of the current criminal code, which became law on October 1, 1977. The entering to commit a felony statute, IND. CODE 35–13–4–5, under which Golden was charged, provided a penalty of:

"not less than one (1) year nor more than ten (10) years, and be disfranchised and rendered incompetent of holding any office of trust or profit for any determinate period."

No provision is made in that statute, nor any other statute, for any enhancement of the sentence for entering to commit a felony, nor to make it consecutive with other sentences. The statutory scheme for sentencing prior to the 1976 criminal code was explained in *Rihl v. State* (1980), Ind.App., 413 N.E.2d 1046, 1054:

"Rihl's final contention is that the trial court erred in imposing consecutive sentences. We agree, and remand this case to the Hamilton Circuit Court for action consistent with this section of our opinion.

It is the law in Indiana that consecutive sentencing is not proper unless specifically authorized by statute. *Hawkins v. Jenkins* (1978), 268 Ind. 137, 374 N.E.2d 496; *Baromich v. State* (1969), 252 Ind. 412, 249 N.E.2d 30. Although the statute in effect when Rihl was sentenced vests authority in the trial court to impose either consecutive or concurrent terms, the law in effect when the crimes were committed is controlling. *Springer v. State* (1979), Ind., [271 Ind. 350] 393 N.E.2d 131, 135; *Shelton v. State* (3d Dist.1979) Ind.App., 390 N.E.2d 1048, 1051; Acts of 1977, Pub.L. 340, sec. 150, p. 1611. Since the law in effect on August 12, 1977, authorized consecutive terms only in a limited number of instances not present here, *see, e.g., Baromich v. State, supra,* 249 N.E.2d 30, it was error for the trial court to order Rihl's terms to run consecutively." (Footnotes omitted.)

The same rule applies to enhanced sentences as to consecutive sentences. No provision existed prior to the 1976 criminal code for enhancing a sentence because of prior convictions. The sentence here was an indeterminate sentence of one to five years, and it was beyond the trial court's power to either increase it or make it consecutive. The trial court advised Golden of the sentence according to that statute. Under the 1976 criminal code, IND.CODE 35–50–1–2, the trial court has discretion in increasing sentences and making them consecutive, but under the prior code it did

not, except in limited circumstances not applicable here. Thus, the trial court did not err in failing to advise Golden of improper or irrelevant matters, which were beyond the sentencing scheme existing at that time.

A further reason exists on the face of the record to affirm this cause as a matter of law. The case was decided on May 20, 1986, under *German v. State* (1981), Ind., 428 N.E.2d 234. On September 15, 1986, our supreme court overruled *German* in *White v. State* (1986), Ind., 497 N.E.2d 893. Under *White,* a defendant in post-conviction proceedings has the additional burden of proving that if he had been advised of the rights which he claims were omitted, he would not have pleaded guilty. Here, Golden made no attempt to show that he would not have pleaded guilty had he been advised of the claimed rights. Under the authority of *White,* he is foreclosed.

For the above reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON and STATON, JJ., concur.