Christopher **VICKERS** and James Ballard, Appellants (Petitioners Below),

v.

**STATE of Indiana, Appellee** (Respondent Below).

No. 1282S465.

Supreme Court of Indiana.

July 23, 1984.

4

Susan K. Carpenter, Public Defender, David R. Swinford, Deputy Public Defender, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioners (Appellants) were convicted, following a trial by jury, of multiple offenses and sentenced. The judgments were affirmed by this Court in *Ballard and Vickers v. State*, (1979) 270 Ind. 337, 385 N.E.2d 1126. Their petitions for post-conviction relief, filed under P.C. Rule No. 1, were consolidated, heard and denied. This joint appeal is from that denial.

■ Post-conviction proceedings are civil in character. The petitioner has the burden of proving, by a preponderance of the evidence, that he is entitled to the relief sought. On appeal, our standard of review is the same as in other appeals from civil judgments. We do not reassess the credibility of witnesses, nor do we reweigh the evidence. Those responsibilities lie within the exclusive province of the trial judge.

■ A petitioner appealing from the denial of post-conviction relief is appealing from a negative judgment. The issue, on appeal, is whether or not that judgment was contrary to law. *McKrill v. State*, (1983) Ind., 452 N.E.2d 946, 948; *Jackson v. State*, (1975) 264 Ind. 54, 55–56, 339 N.E.2d 557, 559. It is only where the evidence is without conflict and leads to but one conclusion and the trial court has reached an opposite conclusion that the decision of the trial court can be disturbed as being contrary to law. *McKrill v. State*, 452 N.E.2d at 948; *Cottingham v. State*, (1978) 269 Ind. 261, 262, 379 N.E.2d 984, 985; *Johnson v. State*, (1974) 262 Ind. 183, 186, 313 N.E.2d 542, 544.

The issue before us, therefore, is whether or not the Petitioners sustained their burden of proof upon any issue presented to the post-conviction court which would, if proved, entitle them to relief, as a matter of law. Those issues, as framed by Petitioners' brief, were as follows:

"1. Whether the Appellants were denied due process of law under the Indiana and United States Constitutions when the trial court failed to admonish the jury to

disregard an altercation occurring between one of Appellant's attorneys and the court bailiff in the presence of the jury which altercation prejudiced the Appellants?

"2. Whether the Appellants were subjected to vindictive punishment in violation of the Indiana Constitution, Article I, Section 18, when they were sentenced under the Old Penal Code?

"3. Whether the Appellants were denied due process of law under the Indiana and United States Constitutions when the trial court allowed an alternate juror to be present during jury deliberations?

"4. Whether Appellants were denied effective assistance of counsel, under the Indiana and United States Constitutions, when trial counsel failed to meaningfully consult with Appellants, failed to investigate possible defenses and prepare for trial, and failed to interview potential witnesses?

"5. Whether the Appellants were denied effective representation of counsel and due process of law, under the Indiana and United States Constitutions, when the arresting officer testified falsely and the prosecutor relied upon this perjured testimony in his closing statement to the jury?

"6. Whether Appellants were denied the right to confrontation in violation of the United States and Indiana Constitutions where statements of each Appellant were admitted at their joint trial and neither testified?"

\* \* \* \* \* \*

## ISSUE I

■ Appellants claim they were prejudiced by the trial court's failure to admonish the jury to disregard an altercation which had occurred between the court's bailiff and one of the Appellants' attorneys. The record, however, does not reflect that this altercation occurred within the view or earshot of the jury. Moreover, the argument did not involve anything relating to the merits of the case.

■ In their brief Appellants further argue that they were harmed when they were handcuffed outside the courtroom,

but within the view of the jury. We have consistently held that, absent a showing of actual harm, the mere fact that members of the jury viewed the defendant in restraints outside the courtroom is not sufficient to impute prejudice, where the crime charged is of a serious nature. *Hedrick v. State*, (1982) Ind., 430 N.E.2d 1150, 1154; *Johnson v. State*, (1977) 267 Ind. 256, 258–59, 369 N.E.2d 623, 624–25, *cert. denied* 436 U.S. 948, 98 S.Ct. 2855, 56 L.Ed.2d 791; *Jessup v. State*, (1971) 256 Ind. 409, 412, 269 N.E.2d 374, 375. Appellants here were clearly charged with crimes of a serious nature; it is not unreasonable for the jury to expect to see them in police custody. Petitioners made no showing of entitlement upon this issue.

## ISSUE II

■ Appellants next argue that their sentences of life imprisonment for Kidnapping under the pre-1977 Indiana Penal Code violates their right to be free from "vindictive justice" under the Indiana Constitution, Article I, Section 18. Indiana Acts 1977, P.L. 340, § 150(a), p. 1611, provides that proceedings begun before October 1, 1977, shall continue under the previous law. *See also* Ind.Acts 1977, P.L. 340, § 150(b), p. 1611 (Offenses committed before October 1, 1977 shall be prosecuted under the repealed law). Appellants acknowledge our holdings in *Vicory v. State*, (1980) 272 Ind. 683, 400 N.E.2d 1380 and six other cases to the effect that sentencing one under the statute in effect at the time his crime was committed, in accordance with the provisions of a subsequent statute which changed the penalty for such offense and which is presumptively constitutional, is not a violation of Art. 1, § 18, of the Indiana Constitution proscribing vindictive punishment. They ask that we reconsider those holdings, but they have made no argument in support of a change. Petitioners made no showing of entitlement upon this claim.

## ISSUE III

■ Petitioners acknowledge that their claim that the alternate juror was

present during jury deliberations was drawn from a failure of the record to disclose an instruction that the alternate was not to participate in deliberations. No presumptions may be drawn from a silent record. Petitioners made no showing of entitlement upon this issue.

### ISSUES IV & V

Upon Petitioners' claims that they were denied the effective assistance of counsel, we have reviewed the evidence, which consists solely of the testimony of the Petitioners and the record of the trial.

 Petitioners had been convicted of rape, kidnapping and armed robbery upon the testimony of their victim. The sole issue appears to have been her credibility. Under such circumstances, it must be conceded that if a reasonable investigation would have brought forth evidence that would have refuted or impeached her testimony, a showing that no such investigation had been made would undermine the proper functioning of the adversarial process such that the trial could not be relied upon as having produced a just result; and it could not be said that there was no reasonable probability that the production of such evidence would not have created a reasonable doubt respecting the guilt of the accused. Such showings would compel the granting of relief under the standards recently pronounced in *Strickland v. Washington*, (1984) — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674.

 Upon this claim, the only evidence produced by the Petitioners was their testimony that their attorneys consulted with them but three times prior to trial and spent only an hour or so with them. They presented no evidence from which it could be properly inferred either that they made no investigation whatever or that the circumstances disclosed to them warranted an investigation. Petitioners disclosed no exculpatory or impeaching evidence that might have been adduced by investigative efforts, nor did they reveal the identity or whereabouts of a single person whose knowledge would have benefited them.

Petitioner Vickers did testify that on one occasion he suggested to his attorney that he talk to various people, who were not identified, at the bowling alley from which the Prosecutrix had been abducted and at the campground at which the rape and robbery occurred, and "To my knowledge, he never investigated the people, nor the scene, nor anybody around the scene." "To the best of my knowledge, he didn't [take depositions]." "And I asked him if he would call my girlfriend as a witness. And he said no." The record is devoid of any information imparted by either Petitioner to his lawyer that would have compelled the post-conviction judge to conclude that either attorney failed to investigate and prepare according to the dictates of the circumstances. "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, — U.S. at —, 104 S.Ct. at 2066, 80 L.Ed.2d 695.

 Petitioners' claim that false testimony had been introduced and employed by the State in closing argument, without objection, is without merit. The assertion arises from a police officer's testimony that the Petitioners' incriminating statements had been taken within thirty minutes of each other and the prosecutor's comment, in closing argument, that the statements were alike because the Petitioners were together when they made them. Even though it was stipulated in the post-conviction hearing that the statements had been given three hours apart, rather than one-half hours apart, we note that the witness' statement was given in mere error rather than deliberately. The waivers had been signed but thirty minutes apart. Considering that the error was not one of substance, that the argument was addressed only to the Petitioners' credibility, and that there had been ample opportunity for them to have conformed their statements to each other's, we do not perceive how consequen-

tial harm could have resulted from the combination complained of.

Petitioners made no showing of entitlement upon these issues of ineffective assistance of counsel.

## ISSUE VI

The contentions of Petitioners that ineffectiveness of counsel was demonstrated by their not having taken steps either to obtain separate trials or to have Petitioners' statements, each of which implicated both of them, excluded from evidence is also without substance.

Again, Petitioners urge us to overturn prior holdings in *Jefferson v. State*, (1980) Ind.App., 399 N.E.2d 816; *Stone v. State*, (1978) 268 Ind. 672, 377 N.E.2d 1372; and *Burnett v. State*, (1978) 268 Ind. 618, 377 N.E.2d 1340. In *Jefferson* we stated:

> "[T]he improper admission of a defendant's confession which implicates a jointly tried co-defendant will be considered harmless error beyond a reasonable doubt where the co-defendant's own confession has been lawfully introduced and where it does not materially differ from that of his confederate. This conclusion is further strengthened when there exists corroborating testimony and evidence of an appellant's guilt in addition to the similar confessions." (citations omitted).

399 N.E.2d at 820.

No argument or authority for abandoning the logic of these holdings has been presented, and the post-conviction court was not required to ascribe counsels' inaction to ignorance or oversight. Further, we perceive no harm to either Petitioner in this regard, given the admissibility of the statements in redacted form and their similarities.

We find no error. The judgment of the post-conviction trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.