Carolyn S. PINKSTON, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 2–683A194.

Court of Appeals of Indiana,
Third District.

June 12, 1985.

Rehearing Denied Aug. 1, 1985.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Petitioner, Carolyn S. Pinkston, entered a guilty plea to the crime of theft on November 4, 1977, resulting from an arrest for shoplifting. Following an additional felony conviction in 1980, Pinkston was determined to be an habitual offender. On November 23, 1982, Pinkston filed her petition for post-conviction relief challenging the guilty plea entered in 1977.

After a hearing upon Pinkston's petition, the trial court found her guilty of laches in bringing the action and denied her petition for post-conviction relief. On January 17, 1984, this Court issued its memorandum decision affirming the trial court's denial of the petition. 458 N.E.2d 700. Pinkston petitioned the Court for rehearing following the decision rendered by our Supreme Court in *Twyman v. State* (1984), Ind., 459 N.E.2d 705. The Court therein clarified the State's burden of proof relative to the issue of laches. This Court granted Pinkston's petition for rehearing and remanded the action for an evidentiary hearing on the issue of laches. 461 N.E.2d 1172.

Subsequent to the Court's order on rehearing, Pinkston filed a petition to reconsider and limit remand. She sought to preclude the State from presenting evidence on remand which was available but not submitted at the initial evidentiary hearing. That petition was denied by this Court on April 17, 1984.

Prior to the evidentiary hearing on remand, Pinkston was denied permission to amend her petition for post-conviction relief. Pinkston sought to add an additional statement to her original petition alleging error in the trial court's acceptance of her guilty plea despite her claim of innocence. Following the evidentiary hearing, the trial court issued its findings of facts and conclusions of law, in accordance with Ind. Rules of Procedure, Post-Conviction Rule 1 § 6. The court again denied Pinkston's petition for post-conviction relief relying upon the State's affirmative defense of laches.

The issues now presented to this Court for review, restated, are as follows:

(1) whether the Court of Appeals erred in denying Pinkston's petition to reconsider and limit remand;

(2) whether the trial court erred in denying Pinkston's petition for permission to amend her petition for post-conviction relief; and

(3) whether the trial court erred in finding Pinkston guilty of laches and denying her petition for post-conviction relief.

■ Pinkston first alleges the Court erred in denying her petition to reconsider and limit remand. Her petition was filed subsequent to this Court's order to remand for an evidentiary hearing. Although not denominated as a second petition for rehearing, the effect of the petition is the same. *See, Metropolitan Life Ins. Co. v. Frankel* (1914), Ind., 104 N.E. 856. After Pinkston's petition was denied by this Court, she had the right to appeal that adverse ruling. *Metropolitan Life Ins. Co. v. Frankel, supra.* She, however, failed to seek transfer upon this adverse ruling to the Supreme Court of Indiana within the time provided in the Ind.Rules of Procedure, Appellate Rule 11. She may not now present the issue to this Court for review.

While this action was on remand to the trial court, Pinkston filed a petition for permission to amend her original petition for post-conviction relief. Pinkston sought to add an additional paragraph to her petition alleging error in the trial court's acceptance of her guilty plea notwithstanding her claim of innocence. Prior to the presentation of evidence at the October 3, 1984 hearing, the trial court denied her request to amend the petition.

■ Pinkston argues that P.C.R. 1 § 4(c) sanctions amendment of her post-conviction petition at any time. That rule provides as follows:

"(c) At any time prior to entry of judgment the court may grant leave to withdraw the petition, and the petitioner shall be given leave to amend the petition as a matter of right."

Pinkston does not have a right to amend her petition at any time and therefore misconstrues the provision. A final judgment was entered upon her petition by the trial court prior to appeal. P.C.R. 1 § 6. The cause was remanded by this Court for the sole purpose of allowing an evidentiary hearing on the issue of laches. The action was not remanded in order to expand the issues decided prior to appeal. The trial court did not err in denying Pinkston's request to amend her petition.

■ Pinkston additionally argues that Trial Rule 15 should be applied in considering her petition to amend. Trial Rule 15 vests with the trial court the discretion to allow amendment of pleadings when justice so requires. This discretionary function is reviewable only for an abuse of discretion. *Hoosier Plastics v. Westfield Sav. & Loan* (1982), Ind.App., 433 N.E.2d 24. At the initial evidentiary hearing, Pinkston was specifically advised that any issues not raised at that time would be waived. When questioned as to whether she wished to amend her petition in any way, she responded negatively. As Pinkston was fully informed of her right to amend her petition at the initial hearing but declined to do so, and as the cause had been remanded for evidence on the issue of laches only, the trial judge did not abuse her discretion in prohibiting Pinkston from raising additional issues at the hearing on laches.

■ Pinkston argues the trial court erred in finding her guilty of laches in bringing her petition for post-conviction relief. A proceeding for post-conviction relief is civil in nature with the petitioner bearing the burden of proving entitlement to relief by a preponderance of the evidence. *Twyman v. State, supra,* Ind., 459 N.E.2d 705. Although a petitioner may bring an action for post-conviction relief at any time, the State may raise the doctrine of laches as an affirmative defense and has the burden of proving the defense by a preponderance of the evidence. *Twyman v. State, supra.* Laches has been defined as:

"the neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. It is an implied waiver arising from knowledge of existing conditions and an acquiescence in them, the neglect to assert a right, as taken in conjunction with the

lapse of time, more or less great, and other circumstances causing prejudice to the adverse party and thus operating as a bar in a court of equity."

*Frazier v. State* (1975), 263 Ind. 614, 616, 617, 335 N.E.2d 623, 624.

On appeal from a post-conviction relief proceeding, this Court is not at liberty to reweigh the evidence presented at trial nor reassess the credibility of the witnesses testifying therein. *Vickers v. State* (1984), Ind., 466 N.E.2d 3. A petitioner appealing the denial of post-conviction relief is appealing a negative judgment. Only where the evidence is without conflict and leads to but one conclusion and the trial court reached the opposite conclusion will the decision be disturbed as being contrary to law. *Vickers v. State, supra.*

To explain the delay in filing her petition for post-conviction relief, Pinkston denies having had any knowledge of the post-conviction process prior to 1980. The evidence presented at the evidentiary hearing shows that her action for post-conviction relief was initiated only after Pinkston was convicted of being an habitual offender and sentenced to a prison term exceeding thirty years. Pinkston had the assistance of at least seven attorneys, over a period of ten years, prior to the filing of her petition, as a result of several prior criminal arrests. While imprisoned following her habitual criminal conviction, Pinkston attempted to provide input into her appeal by delivering to appellate counsel photocopies of legal memoranda she believed would be of help to him. One attorney testified at the hearing that he believed Pinkston prepared letters to him for other inmates relative to their criminal cases while she was incarcerated.

Because of her exposure to the criminal justice system and to legal counsel, Pinkston should have been aware of post-conviction proceedings or at least have been in a position to inquire as to relief proceedings long before she filed her petition herein. A defendant may be charged with knowledge of post-conviction proceedings where,

"the circumstances are such as to put a person on inquiry, and the means of ascertaining the truth are readily available if inquiry is made, the neglect or failure to inquire will charge the person with laches the same as though the facts were known."

*Morrison v. State* (1984), Ind.App., 466 N.E.2d 783, 787.

Information relative to post-conviction proceedings was readily available to Pinkston had she made any attempt at inquiry. The trial court did not err in finding that Pinkston was aware or had the opportunity to become aware of the existence of post-conviction relief proceedings but neglected to do so.

In order to prove its affirmative defense of laches, the State must show that it has been prejudiced by Pinkston's delay in bringing her action. The State acknowledges that delay in filing a petition for post-conviction relief, alone, is insufficient to sustain the State's defense. *Morrison v. State, supra.*

Sergeant Thomas Kehl of the Marion County Sheriff's Department testified that he was assigned in March 1977 to investigate the theft for which Pinkston entered her guilty plea. Prior to the hearing, Kehl had attempted to find his investigative file on the theft in question but was unsuccessful. He was able to locate only the "D.H. C." (computer printout) report and the original police report. Without the aid of those records, Kehl had only a vague recollection of the theft. Kehl did not know whether a file had been maintained by the prosecutor's office.

Kehl testified that Pinkston had been identified by one witness, through the use of a photographic display, which has since been destroyed. To his knowledge, that witness had seen Pinkston only once, the day of the incident in 1977. No one else had identified Pinkston. Although three additional witnesses were listed on the charging information, the whereabouts of those persons, employees at the store at the time of the theft, is not known. Kehl

had attempted to contact those persons at their homes or by telephone but was unable to find them. The identifying witness is believed to still reside in Indianapolis but an attempt to reach him by telephone was unsuccessful. Kehl left a message for the witness to contact him, but no contact has been made.

 The evidence presented at the evidentiary hearing supports the trial court's conclusion that the State would be unduly prejudiced if required to proceed to trial upon the action for theft. The trial court properly denied Pinkston's petition for post-conviction relief.

Judgment of the trial court is affirmed.

Affirmed.

BUCHANAN, C.J., concurs;

SHIELDS, J., dissents with opinion.

SHIELDS, Judge, dissenting.

I respectfully dissent. The State failed to show it was prejudiced by Pinkston's delay in pursuing post-conviction relief.

The State based its claim of prejudice solely on the testimony of Sgt. Kehl who testified to the nonexistence of two items: his personal file and the photo display from which Mr. Shoemaker identified Pinkston. However, the expected contents of that personal file are unknown so it is impossible to draw any inference of prejudice from its absence. Also, there is no evidence a new photo display could not be constructed. Pinkston's photo is certainly still available. Further, Kehl acknowledged he had the D.H.C. and the original report, along with the court records in his present possession;[1] Kehl did not know if the prosecutor's file was available.

According to Sgt. Kehl, Mr. Shoemaker, the only person who identified Pinkston as the shoplifter, is presently living in Indianapolis. Sgt. Kehl testified he had called Mr. Shoemaker's home only to discover he was on vacation. Sgt. Kehl left his number for a return call and, although it had not yet been returned, "he could be located, yes, I suppose, when he's back from vacation." Record at 69.

Thus, the State's only evidence of prejudice is that the officer's "file" (the contents of which are unknown),[2] is gone, and the only witness who previously identified Pinkston was on vacation at the time of the post-conviction hearing. This evidence is insufficient as a matter of law to meet the State's burden of proving prejudice.

I vote to reverse and remand with instructions to the trial court to enter findings and judgment on the merits of Pinkston's petition.

---

1. Contrary to the suggestion in the majority opinion that Sgt. Kehl needed his personal file, the Sgt. testified that without the D.H.C., which he had in his possession, he "probably couldn't answer the questions correctly." Record at 62.

2. The record reveals the officer's file did not contain any physical evidence of Pinkston's involvement in the theft.