933 F.2d 1012
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth L. JOHNSON, Petitioner-Appellant,
v.
Chuck MILLER and Indiana Attorney General, Respondents-Appellees.
 No. 90-3032.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 1, 1991.*
Decided May 29, 1991.
 
 Before WOOD, JR., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Kenneth L. Johnson brought this petition pursuant to 28 U.S.C. Sec. 2254 to challenge his 1989 convictions for robbery and battery. He raised two grounds for relief, first, that the evidence was insufficient to support either conviction, and second, that the state trial court erred in resentencing him. Johnson had raised these grounds previously in his direct criminal appeal to the Indiana Court of Appeals, yet inexplicably failed to petition the Indiana Supreme Court for transfer after the Indiana Court of Appeals affirmed his conviction. Although the state argued that Johnson waived federal habeas review by failing to petition for transfer, the district court refused to base its decision on procedural default grounds and denied relief on the merits. This appeal followed.
 
 
 2
 In general, a petitioner who fails to seek leave to present his claims to the highest court of the state waives his right to present the claims in a habeas corpus proceeding. Nutall v. Greer, 764 F.2d 462, 464 (7th Cir.1985); see Pinkston v. State, 479 N.E.2d 79, 81 (1985). The exception to this rule is the "cause and prejudice" test set forth in Wainwright v. Sykes, 433 U.S. 72 (1977). Id.; see Buelow v. Dickey, 847 F.2d 420, 425 (7th Cir.1988), cert. denied, 489 U.S. 1032 (1989). Under the Wainwright test the petitioner forfeits federal habeas review unless he shows "cause" for his failure to petition the state supreme court for review and actual "prejudice" resulting from the default. Nutall, 765 F.2d at 465.
 
 
 3
 In this case Johnson did not argue "cause and prejudice" before the district court, and he repeated that omission here. His failure to address either "cause" or "prejudice" necessarily dictates that he demonstrated neither one.
 
 
 4
 The judgment of the district court is accordingly affirmed. The motion for appointment of counsel is denied pursuant to the factors articulated in Maclin v. Freake, 650 F.2d 885, 887-89 (7th Cir.1981).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Johnson has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record