963 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James B. TERRY, Petitioner/Appellant,
v.
Richard CLARK and Attorney General of the State of Indiana,
Respondents/Appellees.
 No. 91-2433.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 19, 1992.*
Decided May 28, 1992.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division; No. 91 C 98, Allen Sharp, Chief Judge.
 VACATED AND REMANDED.
 
 ORDER
 
 1
 A jury convicted James B. Terry of attempted murder, and the Indiana Supreme Court affirmed the conviction. The trial court then denied his petition for postconviction relief, and the Indiana Court of Appeals affirmed that decision. Under Indiana Rule of Appellate Procedure 11 Terry had twenty days to file a transfer of his petition for consideration by the Indiana Supreme Court. Terry did not file a transfer so he lost his opportunity to have the Indiana Supreme Court make a final review of his claims. Pinkston v. State, 479 N.E.2d 79, 81 (1985). Terry then filed a petition for writ of habeas corpus in federal court, 28 U.S.C. § 2254 (1988), which the court denied on the merits of the claims raised there. He now appeals the court's denial of his petition.
 
 
 2
 Terry's petition must be denied because a "prisoner who fails to seek leave to present to the highest state court the constitutional objections that form the basis of his federal habeas petition waives those objections unless he can show cause for his default and prejudice from the alleged constitutional infirmities." Nutall v. Greer, 764 F.2d 462, 464 (7th Cir.1985). And even though the district court reached the merits of Terry's petition we can and do find that Terry's failure to file for transfer to the Indiana Supreme Court forecloses review in federal court of his constitutional claims. Terry urges us to find in his appellate counsel's failure to petition for transfer cause for his default, thus reviving his claim for purposes of federal review. But an attorney's failure to file a state habeas appeal is not cause for procedural default. Coleman v. Thompson, 111 S.Ct. 2546, 2566-67 (1991); see Lane v. Richards, 957 F.2d 363, 365 (7th Cir.1992). The judgment of the district court is vacated and the case is remanded with instructions to dismiss the petition.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs