William A. SANDERS, Appellant (Petitioner below),

v.

STATE of Indiana, Appellee (Respondent below).

No. 45S05–0004–PC–285.

Supreme Court of Indiana.

Aug. 21, 2000.

Susan K. Carpenter, Public Defender of Indiana, John A. England, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant (Before the Court of Appeals).

William A. Sanders, Appellant Pro Se (On Transfer).

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

William A. Sanders filed for post-conviction relief approximately two years after the completion of an unsuccessful direct appeal. The post-conviction court denied the petition on grounds of laches and the Court of Appeals affirmed. Sanders, acting pro se, now appeals his denial of post-conviction relief. We hold that the post-conviction court erred in finding that Sanders waited an unreasonable length of time to file his petition.

*Background*

A jury found Sanders guilty of murder and attempted murder, and the Court of Appeals affirmed Sanders's convictions on direct appeal in an unpublished memorandum entered on October 9, 1991. *See Sanders v. State,* No. 45A03–9104–CR–112, slip op. at 2, 580 N.E.2d 380 (Ind.Ct. App. October 9, 1991). Sanders did not learn that his convictions and sentences were affirmed on direct appeal until August or September of 1992. One month later, Sanders requested the record from the Court of Appeals and received it in January 1993. On January 19, 1994 — 28 months after the completion of his unsuccessful appeal and seventeen months after he learned of the Court of Appeals's decision — Sanders filed a *pro se* petition for post-conviction relief with the help of another inmate. On February 24, 1994, the State filed its answer and did not raise the affirmative defense of laches. No action was taken on this petition by the post-conviction court. On October 24, 1997, Sanders who was now represented by a State Public Defender, amended his petition for post-conviction relief. On March 25, 1998, five months later (and four years after its original answer), the State filed its amended answer, arguing that the doctrine

of laches barred Sanders from post-conviction relief.

On November 10, 1998, the post-conviction court held a hearing.[1] The post-conviction court ruled that Sanders's petition was indeed barred by the doctrine of laches, and dismissed the petition without considering the merits of Sanders's claims. In reaching its conclusion, the post-conviction court determined that (1) Sanders unreasonably delayed filing his *pro se* petition for post-conviction relief by waiting until January 1994, and (2) the State had been prejudiced by Sanders's delay because Alvester Bowman, an eyewitness to the crime, had moved to the state of Tennessee.

Sanders, represented by counsel, appealed the post-conviction court's decision. In an unpublished memorandum decision, the Court of Appeals affirmed. *See Sanders v. State*, No. 45A05–9901–PC–21, slip op. at 6, 720 N.E.2d 1283 (Ind.Ct.App. Dec. 20, 1999).

## Discussion

■ Sanders contends that the post-conviction court erred in finding his claims barred by the equitable doctrine of laches. This Court has defined laches as " ' "neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done." ' " *Williams v. State*, 716 N.E.2d 897, 901 (Ind.1999) (quoting *Perry v. State*, 512 N.E.2d 841, 842 (Ind. 1987) (quoting in turn *Frazier v. State*, 263 Ind. 614, 616–17, 335 N.E.2d 623, 624 (1975))). The doctrine of laches may be used as an affirmative defense to foreclose a court from considering a claim. To prevail on a claim of laches, the State must prove by the preponderance of the evidence that (1) Sanders unreasonably delayed in filing for post-conviction relief,

and (2) the State was prejudiced by the delay. *See Williams*, 716 N.E.2d at 901; *Twyman v. State*, 459 N.E.2d 705, 712 (Ind.1984).

■ As with other sufficiency of the evidence claims, we do not reweigh the evidence nor judge the credibility of witnesses when reviewing a claim that evidence is insufficient to establish laches. *See Lacy v. State*, 491 N.E.2d 520, 521 (Ind.1986). Rather, we consider only that evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *See id.* If the court's finding is supported by substantial evidence of probative value, the judgment will be affirmed. *See Washington v. State*, 507 N.E.2d 239, 240 (Ind.1987).

In *Williams*, we found the evidence insufficient to establish either laches in general or " 'conscious indifference or procrastination' " in particular. *Williams*, 716 N.E.2d at 902 (quoting *Perry*, 512 N.E.2d at 844). We reached that result after considering that the petitioner filed for post-conviction relief 21 months (and arguably only five months) after the completion of his unsuccessful direct appeal. We also considered that the petitioner had never before been in prison and was unfamiliar with the prison law library.

■ Here, Sanders had twice previously been incarcerated and from that experience could have learned about post-conviction remedies.[2] But access to information about post-conviction remedies is relevant in this context only if the evidence is in conflict over whether the petitioner's conduct constituted "conscious indifference or procrastination." As in *Williams*, we find no evidence of conscious indifference or procrastination.

The record reveals about a two-year delay between the date of completion of

---

1. We note that Magistrate T. Edward Page presided over the post-conviction hearing and recommended to Judge James L. Clement that Sanders's petition be barred on grounds of laches. Judge Clement agreed with the recommendation and further denied Sanders's motion to reconsider, recognizing that the State waited four years to raise laches.

2. The record indicates that in 1983, Sanders had been incarcerated at a prison facility in Minnesota and jailed in South Dakota prior to acquittal on charges there.

Sanders's unsuccessful appeal on October 9, 1991, and the date Sanders filed his first *pro se* petition for post-conviction relief on January 19, 1994. However, at least nine months of the two-year delay is attributable to the public defender who failed to inform Sanders about the unpublished memorandum decision rejecting his appeal. In fact, Sanders testified at the post-conviction hearing that a fellow *inmate* informed him to write the Clerk of the Court of Appeals concerning the status of his appeal in August or September of 1992. Sanders took this advice and learned of the decision at that time. Upon learning that the Court of Appeals affirmed his convictions and sentences in late 1992, Sanders immediately requested the record from the Court of Appeals and received it in January 1993. Sanders, who testified that he had below average reading and comprehension abilities, subsequently filed his *pro se* post-conviction petition one year later in January 1994. Although the State answered this petition four weeks later, it did not assert laches for another four years. Under these circumstances, we find that Sanders demonstrated the requisite diligence in filing his petition after learning of the adverse ruling. *See Edwards v. State*, 676 N.E.2d 1087, 1090 (Ind. Ct.App.1997) (ruling that regardless of petitioner's knowledge of post-conviction remedies, the State will not prevail on laches where petitioner is diligent in maintaining contact with the Public Defender and expresses desire for assistance but receives adequate assistance only after a lengthy delay), *transfer denied.*

■ With respect to alleged prejudice, the Court of Appeals affirmed the post-conviction court's ruling that the State has been prejudiced as a result of Sanders's delay in filing. The court determined, "The prejudice component rests upon the logistical difficulties in retrying Sanders because the eyewitness to the occurrence resides in Tennessee." Slip op. at 6. We disagree and find instructive Judge Robb's concurring opinion in which she recognized, "[T]he mere fact that Bowman lives out of state does not prejudice the State," especially "where the out-of-state witness is willing to return to testify" and his memory of the events is intact. *Id.* at 8, 9.

At the post-conviction hearing, the Lake County investigator for the prosecutor's office testified that he was able to locate Bowman who resided in Tennessee. On cross-examination, defense counsel asked the investigator, "[W]hen you talked to Mr. Bowman, did he recall the specifics of this case?" The investigator replied, "Yes. he did." After the hearing, counsel obtained an affidavit revealing that Bowman was willing to testify without a subpoena and that he had a clear recollection of the events. Other witnesses who testified at Sanders's trial were also available for retrial with the exception of Kimberly Epperson who died one-and-a-half years after Sanders filed his first petition for post-conviction relief. As such, we are not convinced that "a successful prosecution [was] materially diminished by the passage of time attributable to the petitioner's neglect." *Stewart v. State*, 548 N.E.2d 1171, 1176 (Ind.Ct.App.1990), *transfer denied.* The State did not suffer prejudice from Sanders's delay in filing the petition.

*Conclusion*

Having previously granted transfer, we vacate the opinion of the Court of Appeals pursuant to Indiana Appellate Rule 11(B)(3), and remand this case to the post-conviction court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.