**Donald E. MAHONE, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 45A04–9911–PC–487.

Court of Appeals of Indiana.

Jan. 22, 2001.

Transfer Denied April 12, 2001.

Donald E. Mahone, Michigan City, IN, Appellant Pro Se.

Karen Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY, Judge.

Donald Mahone challenges the trial court's denial of his Petition for Post Conviction Relief (PCR). We find Mahone's challenge to the PCR Court's finding of laches to be dispositive and accordingly, we reverse.

### FACTS AND PROCEDURAL HISTORY

On October 11, 1985, Mahone was convicted after a jury trial of two counts of felony murder.[1] His convictions were affirmed in Mahone v. State, 541 N.E.2d 278 (Ind.1989). Mahone shortly thereafter petitioned the United States District Court in a Writ of Habeas Corpus. The denial of his Habeas Corpus petition was affirmed by the Seventh Circuit Court of Appeals on March 17, 1993.

Mahone filed a *pro se* PCR petition with the trial court on March 31, 1995, five years and seven months after the supreme court affirmed his convictions. The State filed an initial response on June 6, 1995, which was a general denial of Mahone's PCR petition and contained no affirmative defenses. A state public defender appeared on Mahone's behalf on April 26, 1995. A second state public defender appeared on December 4, 1995.

On August 10, 1998, Mahone's PCR petition was set for hearing on February 16, 1999. Mahone's state public defender withdrew his appearance on September 8, 1998. Mahone amended his PCR petition on December 10, 1998, and the State responded on December 30, 1998, raising for the first time the affirmative defense of laches. After a hearing on February 16, 1999, the trial court denied Mahone's PCR petition on the basis of laches.[2] Almost four years had elapsed from the filing of Mahone's PCR petition to the trial court's ruling.

### STANDARD OF REVIEW

■ On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witnesses. *Montano v. State*, 649 N.E.2d 1053, 1056 (Ind.Ct.App. 1995). To prevail on appeal, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind.1995). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id.* at 1120.

■ In reviewing claims that the evidence is insufficient to show laches, we do not reweigh the evidence nor judge the credibility of the witnesses. *Williams v. State*, 716 N.E.2d 897, 901 (Ind.1999). We consider only that evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Id.* If the determination of the court is supported by substantial evidence of probative value, the judgment will be affirmed. *Id.*

### DISCUSSION AND DECISION

■ We have defined laches as neglect for an unreasonable or unexplained length of time, under circumstances per-

---

1. Ind.Code § 35–42–1–1.

2. We note that Magistrate T. Edward Page presided over the post-conviction hearing and recommended to Judge James L. Clement that Mahone's petition be barred on grounds of laches. Judge Clement agreed with the recommendation.

mitting diligence, to do what in law should have been done. *Sanders v. State*, 733 N.E.2d 928, 930 (Ind.2000), quoting *Frazier v. State*, 263 Ind. 614, 616–17, 335 N.E.2d 623, 624 (1975). In a PCR setting, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State has been prejudiced by the delay. *Lacy v. State*, 491 N.E.2d 520, 521 (Ind.1986).

■ In order to prove unreasonable delay, the State must show that the petitioner unreasonably delayed in seeking relief; that is, he knowingly sat on his rights without pursuit of remedy. Although lapse of time does not by itself constitute laches, a long delay in filing for post-conviction relief may be sufficient to infer that the delay was unreasonable. *Wilburn v. State*, 499 N.E.2d 1173, 1176 (Ind.Ct. App.1986). The State contends that because Mahone waited five years and seven months after his convictions were affirmed on direct appeal before he filed his PCR petition, he unreasonably delayed seeking relief from his conviction.[3]

■ Additionally, the State argues that Mahone's confinement in correctional facilities with law libraries, his contacts with attorneys, and his familiarity with the criminal justice system give rise to an inference of his knowledge of defects in his conviction and support the finding of laches. The State is correct that repeated contacts with the criminal justice system, consultation with attorneys, and incarceration in a penal institution with legal facilities are all facts from which the fact finder may infer such knowledge. *Perry v. State*, 512 N.E.2d 841, 844 (Ind.1987).

Mahone testified he became aware in 1994 of the remedy of post-conviction relief. He indicated he did not file a PCR petition immediately after his convictions were affirmed on direct appeal in 1989 because he had submitted a petition for Habeas Corpus to the United States District Court. That petition was denied, and his Seventh Circuit appeal of that denial was affirmed on March 17, 1993.[4]

■ Mahone contends that as he could not file a PCR petition during the pendency of a federal habeas corpus petition, he did not unreasonably delay.[5] Neither the State nor Mahone directs us to statutory or common law authority that prohibits filing concurrent petitions in the state and federal courts. The *Appendix to Indiana Rules of Procedure for Post Conviction Remedies Rule 1* provides a form that requests a petitioner list filings in other courts with respect to the conviction. However, neither the requests within questions 10 and 11 of the *Appendix* nor any rules related to Indiana petitions for post-conviction relief explicitly prohibit concurrent filings. Similarly, neither the State nor Mahone direct us to a federal rule denying jurisdiction to Mahone at the point where the federal court accepted jurisdiction of his habeas corpus petition. Although the federal rules require that a petitioner must exhaust all available state court remedies prior to seeking federal habeas corpus relief, *see Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), there is no parallel requirement in the Indiana PCR rules.

■ We decline to hold that time attributed to pursuing a federal remedy must necessarily be categorized as "delay," but absent a prohibition against concurrent filings, we cannot characterize Ma-

3. The State also argues that this court lacks jurisdiction due to a belated praecipe by Mahone. However, we note that this issue has already come before the Motions Panel of this court, and the Motions Panel issued an Order allowing the case to proceed on its merits and directing the parties to prepare their briefs on the underlying substantive issues.

4. Mahone still waited over two years before filing his PCR petition.

5. The State noted during Mahone's post-conviction proceedings that one could not file a PCR petition during the pendency of the habeas action. (P–C R. at 186).

hone's five year and seven month delay as anything other than unreasonable. Nonetheless, this does not end our inquiry; the State must also prove that it was prejudiced by the delay. *Twyman v. State,* 459 N.E.2d 705, 712, (Ind.1984).

■■■■■ Prejudice, in the context of post-conviction proceedings,

is not merely the impossibility of presenting any case at all or the prospect of difficulty in locating and obtaining physical evidence or witnesses to testify. If reasonable likelihood of successful prosecution is materially diminished by the passage of time attributable to the defendant's neglect, such may be deemed a sufficient demonstration of prejudice.

*Stewart v. State,* 548 N.E.2d 1171, 1176 (Ind.Ct.App.1990), *cited in Sanders,* 733 N.E.2d at 931. The State is not required to use transcripts of an original trial to replace an unavailable witness, due to the effective difference between live testimony and reading from a trial transcript. *Kindred v. State,* 514 N.E.2d 314, 318 (Ind.Ct. App.1987).

The State did not suffer prejudice from Mahone's delay in filing the petition. At the PCR hearing, a Lake County Prosecutor's Office investigator testified that a search for witnesses was conducted in 1995 for the hearing that finally took place in 1999. The investigator was able to locate twenty-two of the twenty-six witnesses from the original trial. The four missing witnesses were: Napolean Isabelle, who died in 1988 during the pendency of Mahone's direct appeal;[6] Richard Reese, who had an active warrant for a parole violation and could not be found; Redie Peterson, who still lived in the jurisdiction but did not respond to a business card left by the investigator; and Jerome Buck, who had relatives in the jurisdiction but had not responded to the investigator. All the other witnesses were located, although two of them, Latoya Strong and Charles Harris,

had moved outside of Indiana. Other than the investigation in 1995, the State made no additional investigation into the location or availability of the witnesses.

We are reticent to accept a finding of unavailability where the investigator's search for witnesses was conducted four years prior to the PCR hearing. Further, the PCR record does not reveal that the investigator questioned the witnesses with respect to their memory of the event, nor inquired of the out-of-state witnesses whether they would return for trial. In this case, the State has not demonstrated that the missing witnesses who had moved out-of-state or who failed to respond to the investigator's requests were "unavailable" to testify at Mahone's retrial. Our supreme court recently noted that the mere fact that a witness lives outside of the state does not prejudice the State in·a determination of laches where that witness is willing to return to testify. *Sanders,* 733 N.E.2d at 931.

Based on the investigator's out-of-date information, along with the investigator's failure to further attempt to find Redie Peterson and Jerome Buck, who both lived in the jurisdiction, and the investigator's failure to query the out-of-state witnesses as to whether they would return to testify, we find that the State has not demonstrated that the opportunity for a successful prosecution was materially diminished by the passage of time attributable to Mahone's neglect, *see Sanders,* 733 N.E.2d at 931. As a result, the State has failed to demonstrate prejudice.

We reverse and remand for a hearing on the merits of Mahone's PCR petition.

MATHIAS, J., and ROBB, J., concur.

---

6. The State acknowledges that Isabelle's unavailability is not relevant to a finding of laches, as he passed away during the direct appeal.