**William A. SANDERS, Plaintiff–Appellant,**

v.

**Cynthia I. TAYLOR, Defendant–Appellee.**

No. 00–3451.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 5, 2001 *.

Decided Feb. 22, 2001.

Before Hon. EASTERBROOK, Hon. MANION, Hon. DIANE P. WOOD, Circuit Judges.

ORDER

William Sanders, an Indiana prisoner, filed suit under 42 U.S.C. § 1983 alleging that Lake County prosecutor Cynthia Taylor violated his Fourth and Fourteenth Amendment rights by failing during post-conviction proceedings to disclose to Sanders the telephone number of a witness who testified for the prosecution at his trial. The district court dismissed the suit and we affirm.

Sanders is serving a 40–year prison term for a 1990 murder conviction. In January 1994, Sanders filed a counseled petition for post-conviction relief. The state responded that the petition should be dismissed as barred by laches in part because one of the state's key witnesses, Alvester Bowman, now lived out of state and would not be available to testify if Sanders had to be tried again. During discovery, Sanders requested Bowman's address and phone number. In a signed

---

* Appellee Cynthia Taylor notified this court that she was never served with process in the district court and would not be participating in this appeal, which has thus been submitted without a brief from Taylor. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

and sworn response, Taylor provided Bowman's address to Sanders, but stated that Bowman's phone number was unpublished.

In November 1998, a hearing was held on Sanders' petition. At the hearing, a state investigator admitted that the state had Bowman's telephone number, and was ordered by the judge to disclose the number. At the conclusion of the hearing, the trial court held that Sanders' petition was barred by laches, reasoning that Sanders delayed too long in filing his petition and that the state had been prejudiced by the delay because of Bowman's unavailability and the death of another witness. Two days after the hearing, Sanders' attorney contacted Taylor, who allegedly acknowledged that she possessed Bowman's telephone number but had kept if from Sanders because she felt the information would be inappropriate for Sanders to have. Furthermore, Taylor acknowledged that she had spoken to Bowman and learned that he was willing to return to Indiana to testify against Sanders if needed. Sanders filed a motion for a rehearing based on this new information, but the trial court denied the motion. In December 1999, the Indiana appellate court affirmed, agreeing with the trial court that laches still barred the petition even if Bowman was available to testify.

In July 2000, Sanders filed suit in federal court, alleging that Taylor had violated his rights by deliberately withholding Bowman's telephone number from him. Sanders asserted that Taylor's action had caused him mental anguish and prolonged his incarceration. The district court dismissed Sanders' suit on August 21, 2000, on the grounds that his suit was barred under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that Taylor was entitled to absolute immunity. Meanwhile, on the same day that Sanders' federal action was dismissed, the Indiana Supreme Court reversed the trial

court's finding of laches. The court concluded that Sanders had not delayed unreasonably in filing his petition, and that the state had not been prejudiced in any event because Bowman was able and willing to testify against Sanders again if needed. *See Sanders v. State,* 733 N.E.2d 928 (Ind.2000). The state supreme court then remanded Sanders' petition to the trial court for further proceedings.

Sanders asserts on appeal that his suit is not *Heck* barred because a ruling favorable to him would not "necessarily imply the invalidity of his conviction or sentence." *See Heck,* 512 U.S. at 487, 114 S.Ct. 2364. We are uncertain whether Sanders' suit is barred by *Heck* because it is unclear what the exact basis for his suit is. It appears that a dispute regarding Taylor's failure in post-conviction proceedings to disclose the telephone number of a witness against Sanders has little bearing on Sanders' underlying conviction and therefore a ruling in favor of Sanders would not bring into question his conviction or sentence. On the other hand, in his complaint Sanders based his claim for damages on his assertion that Taylor's actions led to "prolonged incarceration" for Sanders. Clearly an award of damages due to "prolonged incarceration," would imply that Sanders' conviction and sentence were invalid.

◼ We need not decide if Sanders' claim is *Heck* barred, however, because the district court's other ground for dismissing his complaint, that Taylor was entitled to absolute immunity, is correct. Sanders' argument on appeal that Taylor is not absolutely immune because Taylor's actions were investigatory rather than prosecutorial, *see Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), fails. Although absolute immunity applies only to activities "intimately associated with the judicial phase of the criminal process," *see id.,* we have previously held that a prosecutor's actions within the confines

of state or federal discovery procedures fall within the protected category, *see Steffes v. Stepan Co.,* 144 F.3d 1070, 1076 (7th Cir.1998); *Auriemma v. Montgomery,* 860 F.2d 273, 278 (7th Cir.1988).

■ In any event Sanders' complaint fails to state a claim because his allegations if true would not establish a constitutional violation. *See Anderson v. Simon,* 217 F.3d 472, 474 (7th Cir.2000) (noting that a suit under § 1983 requires an allegation that the defendant deprived the plaintiff of a constitutional right). Even assuming that Taylor had some sort of duty to disclose the telephone number, her failure to do so in a state proceeding certainly does not violate any provision of the federal constitution.

For the foregoing reasons, we AFFIRM the dismissal of Sanders' suit. In addition, two strikes are recorded against Sanders—one for filing a complaint in the district court that fails to state a claim and one for this appeal. *See* 28 U.S.C. § 1915(g); *Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir.1997).