**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 19 2013, 7:14 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**COREY L. MOSLEY**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| COREY L. MOSLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1203-PC-249 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-9601-PC-14300

**June 19, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Corey L. Mosley appeals the denial of his petition for post-conviction relief. He presents multiple issues for our consideration, one of which we find dispositive: whether the post-conviction court erred when it determined Mosley's claims were barred by laches. We affirm.

## FACTS AND PROCEDURAL HISTORY

On January 30, 1996, the State charged Mosley with a number of offenses and on July 28, 1997, Mosley agreed to plead guilty to some of the charges, in exchange for the State dismissing others.

Mosley did not file a direct appeal, but just over seven years later he petitioned for post-conviction relief, alleging his plea was not knowing or voluntary, his trial counsel was ineffective, and police illegally obtained his confession. Six months later, Mosley withdrew that petition.

On May 20, 2009, Mosley filed a petition for post-conviction relief in which he alleged trial counsel was ineffective, his plea agreement violated civil contract law and deprived him of due process, and his sentence was unconstitutional. On June 16, 2009, the State answered and asserted the affirmative defense of laches. The post-conviction court heard evidence on August 3, 2010, and April 5, 2011, and on February 29, 2012 denied Mosley's petition based on laches.[1]

---

[1] The post-conviction court also addressed the merits of Mosley's arguments. However,as we affirm the post-conviction court on the basis of laches, we need not discuss the other findings made by the post-conviction court.

2

**DISCUSSION AND DECISION**

In reviewing the denial of post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witnesses. *Montano v. State*, 649 N.E.2d 1053, 1056 (Ind. Ct. App. 1995), *trans. denied*. To prevail on appeal, the petitioner must show the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind. 1995). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id*. at 1120.

Laches is neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. *Sanders v. State*, 733 N.E.2d 928, 930 (Ind. 2000)). In a post-conviction setting, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and the State has been prejudiced by the delay. *Lacy v. State*, 491 N.E.2d 520, 521 (Ind. 1986).

Mosley unreasonably delayed filing his petition for post-conviction relief. He entered a guilty plea on July 28, 1997. He filed his first *pro se* petition for post-conviction relief on August 24, 2004, then withdrew it. He filed his second petition on May 20, 2009, almost twelve years after his convictions.

Although a lapse of time does not itself constitute laches, a long delay in filing for post-conviction relief may support an inference the delay was unreasonable. *Mahone v.*

*State*, 742 N.E.2d 982, 985 (Ind. Ct. App. 2001), *trans. denied*. Mosley acknowledges the delay, but argues it was not unreasonable because "his circumstances of insufficient education and physical incarceration did not permit due diligence, to do what in law, should have been done." (Br. of Appellant at 29.)

Mosley has not cited, nor can we locate, legal authority to the effect that insufficient education or lack of knowledge of the legal system in general excuse an unreasonable delay in seeking post-conviction relief. In *Pinkston v. State*, 479 N.E.2d 79, 82 (Ind. Ct. App. 1985), *reh'g denied*, we held knowledge that post-conviction relief was available, and failure to pursue that relief for an unreasonable period of time, was sufficient to prove the "unreasonable delay" required for the affirmative defense of laches.

One of Mosley's trial attorneys testified he corresponded with Mosley "within a few years after the guilty plea about beginning the process to try to obtain release, whether through PCR or whatever, and yeah, we did have communication." (Tr. at 37.) Mosley filed a petition for post-conviction relief in 2004, withdrew it, and then delayed five years before filing another petition. These facts support the trial court finding Mosley unreasonably delayed filing his petition for post-conviction relief.

The record also supports the trial court finding the State was prejudiced by this unreasonable delay.

> Prejudice is not merely the impossibility of presenting any case at all or the prospect of difficulty in locating and obtaining physical evidence or witnesses to testify. If reasonable likelihood of successful prosecution is materially diminished by the passage of time attributable to the defendant's neglect, such may be deemed a sufficient demonstration of prejudice.

4

*Stewart v. State*, 548 N.E.2d 1171, 1176 (Ind. 1990), *reh'g denied*. The State demonstrated physical evidence of Mosley's crime had been destroyed as a result of the police department's standard rules regarding retention of evidence; many witnesses were unable to accurately recall the details of the case due to the passage of time; some of the witnesses could not be located; and while one co- conspirator was incarcerated, the other was deceased. Mosley's argues prejudice to the State from the loss of this evidence is not significant because he is seeking resentencing, not a new trial, but much of the same evidence might be relevant to the determination of the appropriateness of a sentence modification. *See* Ind. Code § 35-38-1-7.1 (considerations used in imposing sentence). We therefore hold the post-conviction court did not err in finding the State was prejudiced by Mosley's delay in filing his petition for post-conviction relief because of unavailability of evidence concerning crimes committed over a decade ago.

As Mosley unreasonably delayed filing his petition for post-conviction relief and that delay prejudiced the State, there was sufficient evidence to prove the State's affirmative defense of laches. Accordingly, we affirm the decision of the post-conviction court.

Affirmed.

BAKER, J., and MATHIAS, J., concur.